### UNITED STATES v. SIDEN.

(District Court, D. Minnesota, Fifth Division. October 11, 1923.)

1. **Criminal law** ⬤⇒1119(1)—**Assignment of error held to have no basis in record.**

   An assignment of error, based on a ruling of the trial court on a motion submitted on affidavits, presents no question for review, where the affidavits are not contained in the record.

2. **Criminal law** ⬤⇒695(6)—**Single objection to exhibits properly overruled, if, any one is admissible.**

   Overruling of a single objection to exhibits offered in evidence was not error, if any one was admissible.

3. **Criminal law** ⬤⇒656(2)—**Directing counsel to confine cross-examination to matters relevant to issues not prejudicial.**

   Direction by the court to counsel for defendant, who was cross-examining a witness at length on a wholly immaterial matter, to confine his questions to matters relevant to the issues, *held* not prejudicial error.

4. **Criminal law** ⬤⇒1054(1)—**Exception must be taken to ruling excluding evidence to sustain assignment of error.**

   Exception is necessary to support an assignment of error to a ruling excluding evidence.

5. **Criminal law** ⬤⇒762(2)—**Expression of opinion by judge in charge not reversible error.**

   Expression of his opinion by the judge of a federal court in his charge that one or the other of two witnesses had committed perjury was not reversible error, where the ultimate question of fact was left to the jury.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Criminal law ⬅️806(3)—General charge on subject of reasonable doubt sufficient.**

Where the court has charged the jury generally on the subject of reasonable doubt, it is not necessary that it be repeated in charging with respect to each particular issue.

**7. Criminal law ⬅️1208(2)—Extent of sentence discretionary with trial court.**

Within the statutory limit, the sentence imposed is exclusively within the discretion of the trial court.

Criminal prosecution by the United States against Aaron Siden. On petition of defendant for allowance of writ of error and supersedeas. Denied.

A. Feldman, of Duluth, Minn., for petitioner.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn.

McGEE, District Judge. The information filed on May 1, 1923, by the district attorney charges the defendant with having made a sale of intoxicating liquor in a secondhand store conducted by him at 705 West Superior street, in the city of Duluth, Minn., on the 19th day of November, 1922, and with having had intoxicating liquor in his possession at the same place on the 1st day of December, 1922, both in violation of the provisions of the National Prohibition Act (41 Stat. 305).

The case was tried on the 14th and 15th days of August, 1923, and resulted in a verdict of guilty on both counts. The sentences imposed were:

(1) A fine of $500 on the first or possession count, with imprisonment in the county jail of Washington county until the fine was paid or the defendant was otherwise discharged in due course of law; and

(2) Imprisonment in the county jail of Washington county, Minn., for a term of 5 months and 25 days on the second or sale count.

The case is now before me on a petition for the allowance of a writ of error and supersedeas.

[1] I. The first assignment of error is:

"That the court erred in denying the motion of the plaintiff in error for an order quashing the first count of the information, when said motion was presented to the court after the jury was sworn, but before any testimony was offered on the part of the government, and when it appeared from the records of said court in said case that the evidence on which said count and said indictment [information?] was based was obtained by a search of the premises occupied by the plaintiff in error and the seizure thereon of certain property in violation of the rights guaranteed to plaintiff in error by the Fourth Amendment to the Constitution of the United States and section 10, article 1, of the Constitution of the state of Minnesota; it being also respectfully submitted that the records of said court showed that the search warrant under the authority of which the agents of the United States government acted in searching the premises of the plaintiff in error on December 1, 1922, was invalid and of no effect, because the search and seizure aforesaid were made in the nighttime, and the direction of the Prohibition Director that said search warrant might be served in the nighttime was not based upon an affidavit, as required by section 10 of title XI of the Act of July 15, 1917, or any other provision of the National Prohibition Act, and that said search warrant was actually executed in the nighttime, and the affidavits upon which said search warrant was issued were not sufficient to authorize the direction contained

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in said search warrant that it be served in the nighttime; it being respectfully submitted that such procedure on the part of agents and officers of the government was in violation of the rights of the plaintiff in error as guaranteed to him by the Fourth and Fifth Amendments of the Constitution of the United States and in violation of sections 6 and 10, article 1, of the Constitution of the state of Minnesota."

As stated in the first assignment of error, the defendant, after the jury was sworn, and before any testimony was taken, moved to quash the first or possession count of the information, on a showing of fact presented in the form of affidavits, which motion was denied, and an exception duly noted. A bill of exceptions was settled and signed, and is a part of the record, and consists of the reporter's transcript only. What the showing of fact made by the affidavits was does not appear from the record due to a failure to incorporate the same in the bill of exceptions, so that the appellate court, if a writ of error were allowed, would have no means of knowing whether the foundation laid for the search warrant was or was not that indicated by the language of the assignment of error in question. In Reed v. Gardner, 17 Wall. 409, 411 (21 L. Ed. 665), it is said:

"It has been frequently held by this court that, in passing upon the questions presented in a bill of exceptions, it will not look beyond the bill itself. Norris v. Jackson, 9 Wall. 125; Lincoln v. Claflin, 7 Wall. 136; Leftwich v. Lecanu, 4 Wall. 187; Russell v. Ely, 2 Black, 580. The pleadings, and the statements of the bill, the verdict, and the judgment, are the only matters that are properly before the court. Depositions, exhibits, or certificates, not contained in the bill, cannot be considered by the court. The case of Flanders v. Tweed was exceptional. The court intend to adhere to this practice. Under this rule there is, then, nothing whatever in the present case for the court to pass upon. It is impossible, upon a record such as this is, that we should know whether the charge is correct or erroneous, or whether the refusals to charge as requested were justified, or whether they were improper. As already said, there is absolutely nothing presented to this court for consideration."

In McGrath v. U. S. (C. C. A. 2) 275 Fed. 294, 296, it was said:

"The record technically consists of the indictment, the bill of exceptions, and the judgment. The absence from the record of the bill of exceptions, therefore, simply precludes the court from passing on questions raised at the trial, which the bill of exceptions might have brought here if one had been introduced into the record. Its absence does not, however, deprive us of the right to pass on the sufficiency of the indictment or the judgment. We are obliged to decide this case as though there was no demurrer to the indictment, no motion to quash, no motion for a new trial or in arrest of judgment. * * * We have no information concerning these matters. The sole question before us, under the circumstances, is whether the indictment fails to state facts sufficient to constitute the crime charged. If it thus fails, then, of course, it is the duty of the court to set aside the judgment. But if the facts alleged are sufficient to sustain the indictment, the judgment must be affirmed. Sonnenberg v. United States (C. C. A. 2) 264 Fed. 327."

The case is exactly in point, because, although there was no bill of exceptions in the case cited, and there is one in the present case, the fact remains that the first assignment of error must be disposed of as though there had been none, because it does not include the search warrant and evidence upon which it was issued, the motion papers and supporting affidavits presented to the court on the motion to quash the

first count, and therefore the record on this point presents no question that could be considered by the appellate court if a writ of error were allowed.

II. The second assignment of error is:

"That the court erred in overruling defendant's objection to the introduction of the following evidence on behalf of the government and denying the motion of defendant to strike as follows:

" 'Q. But you had no particular place in mind at that time, when you were walking west? A. Not until we got down somewheres close to his place, and Carlson suggested that we walk in there.

" 'Mr. Goldberg: I move what Carlson suggested be stricken, as not responsive, and what he said is not binding upon the defendant.

" 'The Court: Motion denied.

" 'Mr. Goldberg: Exception.'

"Transcript, bottom page 22 and top of page 23."

An examination of the transcript shows the ruling excepted to was made on a motion to strike out the answer of the witness. The government agent, Miller, testified on direct examination that he and another agent and a lumberjack, named Carlson, met and were walking west on Superior street in the city of Duluth, and in the course of their journey the lumberjack suggested, when they got opposite the defendant's store, that they walk into the store. At this point defendant's counsel moved that—

"what Carlson suggested be stricken out as not responsive and not binding upon the defendant."

A bare reading of the testimony shows that it was perfectly harmless, and was of a preliminary or introductory nature, leading up to material testimony, and was clearly unobjectionable, and, whether it was technically objectionable or not, it is apparent from a bare reading of it that it was not and could not be prejudicial.

III. The third assignment of error is:

"That the court erred in admitting in evidence Government's Exhibits A, B, and D, over the objection of the plaintiff in error, when it appeared from the records of said court and said case that said exhibits consisted of property and evidence obtained by them by a search of the premises occupied by the plaintiff in error, without having in their possession a valid search warrant or other proper authority; it being respectfully submitted that the admission in evidence of said Government's Exhibits A, B, and D, was in violation of the rights of the plaintiff in error guaranteed to him by the Fourth and Fifth Amendments of the Constitution of the United States and by sections 6 and 10, article 1, of the Constitution of the state of Minnesota; said offer, objection, and ruling appearing on pages 58 and 59, as follows:

" 'Mr. French: Government will offer in evidence Government's Exhibits A, B, and D.

" 'Mr. Goldberg: Objected to for the reason that the search and seizure was unlawful and not in compliance with the law.

" 'The Court: You said, in answer to the various questions just put to you, that the Exhibits A, B, and D, that your record showed so and so. You made the examination?

" 'The Witness: Yes, sir.

" 'The Court: And that is what you found?

" 'The Witness: Yes, sir.

" 'The Court: Your record shows what you actually found?

" 'The Witness: Yes, sir.

" 'The Court: Overruled.

" 'Mr. Goldberg: Exception.' "

The assignment of error referred to presents no question that could be considered by the appellate court, if a writ of error were allowed, for the reasons:

[2] (1) That while Exhibits B and D were exhibits obtained on December 1st, when the search of the premises was made under authority of the search warrant, Exhibit A was the exhibit obtained on November 19, 1922, when the sale was made, as testified to by the government agent, 11 days before the search was made or search warrant was issued, and was not involved in the search, and in connection with which the validity of the search warrant was not and is not drawn in question. There was a single objection to three exhibits, and if any one of the exhibits was admissible, as Exhibit A unquestionably was, the objection was not well taken, and the exception is unavailing.

(2) The ground of the objection is "that the search and seizure were unlawful and not in compliance with the law." What has been said in relation to the first assignment of error applies here: That there is nothing in the record but the unsupported assertion of counsel to show that the search and seizure were unlawful, and therefore the assignment would present no question for the consideration of the appellate court if a writ of error was allowed.

This assignment would have presented a question for the consideration of the appellate court, if there had been incorporated in the bill of exceptions the search warrant and the evidence upon which it was issued, and the affidavits attached to the notice of motion to quash; but these documents, as has been stated herein, have all been omitted, and what their contents are the appellate court cannot know. An assertion of this nature by counsel in an assignment of errors does not take the place of proof of the fact in the bill of exceptions. The rule is well settled that an exception to a charge of the court in gross, which contains several distinct propositions of law, or to an offer which contains a number of separate propositions or exhibits, is not available if any part of the charge is good, any one of the propositions is sound, or any one of the exhibits is admissible. This rule is elementary, and hardly requires the citation of authorities in its support. Iron Co. v. Blake, 144 U. S. 476, 12 Sup. Ct. 731, 36 L. Ed. 510; Thiede v. Utah, 159 U. S. 510, 16 Sup. Ct. 62, 40 L. Ed. 237; McClellan v. Pyeatt (C. C. A. 8) 50 Fed. 686, 1 C. C. A. 613; Price v. Pankhurst (C. C. A. 8) 53 Fed. 312, 3 C. C. A. 551; Schneider Brewing Co. v. American Ice-Mach. Co. (C. C. A. 8) 77 Fed. 138, 23 C. C. A. 89; New England Furniture & Carpet Co. v. Catholicon Co. (C. C. A. 8) 79 Fed. 294, 24 C. C. A. 595; Repauno Chem. Co. v. Victor Hardware Co. (C. C. A. 8) 101 Fed. 948, 950, 42 C. C. A. 106. As was said by Judge Sanborn, speaking for the court, in the case of Lincoln Savings Bank & Deposit Co. v. Allen (C. C. A. 8) 82 Fed. 148, 149, 27 C. C. A. 87, 89:

"Twelve of the remaining errors are that certain paragraphs of the charge of the court, which appear to have been wrested from their connection, and quoted in the assignment of errors, and which relate almost entirely to the effect of the evidence which had been produced in the case, are erroneous. But the evidence which was before the trial court [in the instant case, the search warrant and testimony upon which it was issued, and the affidavits attached to the notice of motion to quash the search warrant and suppress the evi-

dence obtained thereunder] has not been presented to us, and the presumption is that there was evidence which warranted the charge. There is no bill of exceptions and no copy of the charge of the court in the printed record. There is nothing in it to show that the paragraphs quoted in the assignment of errors were ever given to the jury by the court, or that any exception was ever taken to any of them by the plaintiff in error. The only information we have upon this subject is contained in the statement which precedes each paragraph in the assignment of errors, and is in these words: 'The court erred in giving the following instruction, to the giving of which the defendant duly excepted at the time.' But the assertion of the defeated party in his assignment of errors, either that the court erred, or that it gave any instruction, or that the plaintiff in error excepted to that instruction, is insufficient, without more, to warrant an appellate court in reversing a judgment. The facts that portions of the charge challenged were given, and that exceptions were taken to them, must be established by a bill of exceptions, settled and signed in accordance with the act of the Congress of the United States, before a federal court can find the errors and reverse the judgment. Rev. St. § 953; Clune v. U. S., 159 U. S. 590, 16 Sup. Ct. 125; Blake v. U. S., 18 C. C. A. 117, 71 Fed. 286; Mussina v. Cavazos, 6 Wall. 355, 363; Origet v. U. S., 125 U. S. 240, 8 Sup. Ct. 846. We cannot reverse this judgment on the ground that these alleged errors in the charge of the court exist (1) because there may have been evidence which warranted them, and all the evidence is not presented to us, so that we can see that it was insufficient; (2) because it does not appear from the record that any of the challenged paragraphs were given to the jury by the court; and (3) because it does not appear that any exception was taken to any of them if they were given. The remaining error assigned is that the court refused to give an instruction which was requested by the defendant. But that instruction relates to the effect of the evidence in the case, and, in the absence of any proof by a bill of exceptions that all the evidence is before us, and that the plaintiff in error excepted to that refusal, there is nothing here for our consideration. The judgment below must accordingly be affirmed."

The certificate to the bill of exceptions certifies that it contains all of the evidence offered or introduced on the trial of the cause, and examined from its first to its last page fails to show the search warrant, or evidence upon which it was issued, or the affidavits used on the motion to suppress the evidence obtained on the search conducted under its authority.

[3] IV. The fourth assignment of error is:

"That the court erred in its remarks, as shown by the transcript of the testimony on bottom page 63 and top page 64 as follows:

" 'Q. In making your inspections, and particularly with reference to the building in question, what observation did you make, and what did your inspection show?

" 'The Court: What year did he make them in? What inspection? He says three times a year.

" 'Mr. Goldberg: I asked him if he made an inspection in 1922.

" 'The Court: Fix it. Get down to something definite. We don't want to go over that refrigerator through its life history. It is not claimed that they found any liquor in it.'

"It being respectfully submitted that the said remarks of the court tended to prejudice the minds of the jury and jurors against plaintiff in error."

An examination of the transcript will show a most prolonged and tedious cross-examination with reference to the refrigerator, when it was not claimed that it contained any liquor at any time, or that its existence had any connection with the case, except that the government's witness testified that when the arrangement was made to pur-

chase the liquor from the defendant that he pushed back a curtain which exposed a shelf immediately to the right of the refrigerator, from which shelf the bottle was taken from which the liquor was sold. The court was making an effort to cut off an unnecessarily long and time-consuming cross-examination in regard to an immaterial detail in the case, and there can be no pretense that there was error in the language of the court directing counsel to get down to the issues in the case, and not waste the time of the court on a subject that had no material bearing upon those issues.

[4] V. The fifth assignment of error is:

"That the court erred in sustaining certain objections to the testimony of Martin B. Orchard, a witness on behalf of the defendant, as follows:

" 'Q. Just tell us what you did in making that inspection, and what you found? A. The attention of the department was called to that locality quite often, and there was some shoes and tin cans and bottles and other, sorts of refuse thrown in there. Q. To what extent does that appear? A. There was some back at the corner of the place and some at the rear of Siden's store, a small pile.

" 'The Court: If you will object to that testimony, I will sustain the objection.

" 'Mr. French: Well, I will object to it.

" 'The Court: Objection sustained. We have got to get down to the issue in this case.

" 'Q. What I want to get at. particularly is: Did you find in your inspections a large quantity of empty whisky bottles?

" 'Mr. French: Back of the place, I will admit it.

" 'Mr. Goldberg: Just one moment. Q. In the rear of the building occupied by Siden and in the rear of the buildings in that immediate locality? A. Some scattered about the ground in the rear there. Q. Have you been a frequent visitor to Mr. Siden's place of business during the past year? A. Quite often. Q. What? A. Quite often. Q. During your visits there did you ever see any liquor?

" 'Mr. French: That is objected to as incompetent, irrelevant, and immaterial, unless it is fixed the day in question.

" 'The Court: Objection sustained.

" 'Q. At or about the time you were making your inspections, did you inspect the refrigerator or ice box? A. No; I made no inspection of it. Q. Did you examine these premises in your inspection of those buildings? A. Yes, sir; once during that time. Q. Did you find any intoxicating liquor there during that time?

" 'Mr. French: That is objected to, unless the date is fixed.

"The Court: Objection sustained. The court will ask you if you would go in, and pull the curtains back, and look into the shoe boxes and the likes of that?

" 'The Witness: Yes, sir.'

"Transcript, pages 66 and 67 and top page 68."

A reading of the testimony quoted in the fifth assignment of error will show that, while there were objections to certain questions and rulings sustaining the objections, there were no exceptions taken. An examination of the transcript shows that the testimony embodied in the fifth assignment of error is correctly quoted therefrom, and shows that there was no exception taken to any ruling made from the beginning of that quotation to its close, and therefore that assignment would present no question for the consideration of the appellate court if a writ of error were allowed.

[5] VI. The sixth assignment of error is:

"That the court erred in charging the jury as follows: 'It is the opinion of the court that one or the other, Miller or Siden, committed perjury in this case.' Transcript, 141."

The exception taken was in these words:

"Also excepts to the opinion expressed by the court in this, substantially as follows: That Miller or Siden committed perjury."

The court had a perfect right to make the statement quoted in its charge to the jury, and might have gone beyond that statement and expressed to the jury its opinion as to which one of the two had committed perjury, so long as the ultimate question of fact was left to the jury. In Robinson v. U. S. (C. C. A. 2) 290 Fed. 755, 760, it is said:

"There is no doubt that in the federal courts the trial judge is entitled to express his opinion upon the facts and the guilt or innocence of the accused, provided the jury is given unequivocally to understand that the jury is not bound by his opinion as to the facts, but is the exclusive judge thereof. In Dillon v. United States, 279 Fed. 639, this court expressed itself fully upon that question, and it is unnecessary to add to what we there said."

The rule stated obtains generally in the Supreme Court of the United States and all federal courts. Cases on the subject are collated in the opinion of Judge Rogers in the Dillon Case, supra. But it might be said that there is no question on the record about the fact that Miller, the prohibition agent, or Siden, did commit perjury. In its charge the court said, after fully stating the testimony of both Miller and Siden:

"Now, there is no room, it would seem to the court, but, of course, that is ultimately for you to determine, for saying that these parties are mistaken. It is the opinion of the court that one or the other, Miller or Siden, committed perjury in this case. That transaction took place on the afternoon of November 19th, in that store, as Miller testifies, or it did not take place, as Siden testifies. There is no escape from this conclusion, and it is for you gentlemen to determine from the evidence in this case what the truth is, what the fact is."

[6] VII. The seventh assignment of error is:

"That the court erred in charging the jury as follows: 'Now, if you are satisfied that Miller testified untruthfully, and if you are not satisfied beyond a reasonable doubt that the transactions took place as he testified, you should acquit the defendant on the sale count. If you are satisfied it did take place, you should convict him on the sale count.'"

A reference to the charge will show that the language was used with relation to the purchase of liquor by Miller, Buck, and Carlson, the first two prohibition enforcement agents, on November 19, 1922, and it will be noted that the court directed the jury to acquit the defendant unless they were satisfied beyond a reasonable doubt that the transaction took place as Miller testified. The complaint against the language used seems to be that the court, in using the language "if you are satisfied it did take place, you should convict him," did not again state that the jury must be satisfied beyond a reasonable doubt. Of course, the court is not obliged to repeat that phrase in connection with every statement made in its charge. In the second paragraph of the charge it did state to the jury:

"In this, as in all criminal cases, the defendant is presumed to be innocent until his guilt is established to your satisfaction beyond a reasonable doubt."

And then, after defining the term of "reasonable doubt," it continued:

"If, upon completion of your consideration of the evidence in this case, you have that character of doubt remaining upon your mind, then you have a reasonable doubt, and should return a verdict of not guilty. If you do not have that character of doubt on your mind at that time, then you do not have a reasonable doubt as to the defendant's guilt, and you should return a verdict of guilty."

In the charge the court also said, in answer to an exception taken by counsel as to whether the jury had been charged with sufficient fullness on the subject of reasonable doubt:

"The court has charged the jury in that connection that the rights of the defendant should be carefully guarded; that he should not be found guilty unless the jury were satisfied of his guilt beyond a reasonable doubt. That rule obtains from beginning to end. The defendant starts in the case with a presumption of innocence, and that attends him throughout the trial, until it is met and overcome by evidence that satisfies you of his guilt beyond a reasonable doubt. Of course, the court has not attempted to go down the line through the testimony of all the witnesses. I said to you that the evidence in the case is conflicting, contradictory. You should consider the evidence of every witness, and every fact the witness has testified to, every sentence, and analyze it carefully and apply the rules the court has given you to it in reaching a conclusion in this case."

VIII. The eighth assignment of error is:

"That the court erred in charging the jury as follows: 'Would those agents, for the purpose of convicting a man of crime that they never saw before, go to work and manufacture that evidence, and go through the steps that they have gone through, put it in the bottle, and put the label on it, and send it to Minneapolis to have it examined, and all that? Would they do that? Is it reasonable to suppose that they would? It is not impossible but you have a right to consider that phase of the matter, and say whether they did or not—whether you are satisfied that they did any such thing. If you are satisfied that they did do that, then the court charges you that you would be justified in disregarding their testimony in this case and acquitting the defendant. If you find, on the other hand, that they did not do it, you would be justified in finding that the witnesses who testified that they did do it are unworthy of credit.' Transcript, 143."

On the trial the defendant testified that lumberjacks and laborers in large numbers came into his store, and would drop whisky bottles promiscuously about the floor, with a drop of moonshine whisky, more or less, in many of the bottles, and that he had taken a number of bottles, and put them on shelves and in shoe boxes, but just why he took that method of disposing of them is not explained; and then he made the extraordinary statement that, when the officers with the search warrant searched the place, they did not find the bottle, Exhibit B, which they testified they did find on the shelf in the store with an ounce of moonshine whisky in it, but that, in his presence and the presence of one of his witnesses, they took an empty bottle and proceeded to gather up and resurrect, from shoe boxes, shelves, and the floor, bottles that had been brought into the store and left there, as

above stated, and to pour a drop, more or less, depending upon how much was in each bottle, into the bottle marked Exhibit B, and that that exhibit and its contents were manufactured in that way as evidence for use on the trial.

In its charge the court put the question, without attempting to express any opinion as to the fact, to the jury as to whether it was probable that the government agents would, as against a man they never saw before, under the circumstances indicated, manufacture evidence against him and in his presence. The court would have been entirely within its rights if it had expressed to the jury its opinion as to whether the prohibition agents did in fact do what Siden testified they did, so long as the question ultimately was left to the jury to determine, so that it cannot be contended that there was error in submitting the question to the jury in the form in which it was submitted. See cases cited in connection with sixth assignment of error herein.

IX. The ninth assignment of error is:

"That the court erred in charging the jury as follows: 'There is testimony, also, that this large bottle was found under a plank out four feet from the rear line of the building, in the passageway there. If the defendant put that bottle there, or it was put there at his instigation, then he would be chargeable with possession of that bottle. Whether he did, or not, there is no direct testimony and there does not have to be. You have a right to take into consideration, in determining who put that bottle there, who controlled it, and whose bottle it was, to consider the fact of its proximity to the back door of the building. You have a right to consider the conditions existing in the building. Are you satisfied that in the building there were bottles lying around there on the shelves and in boxes and on the floor and other bottles with the odor of moonshine whisky and some containing moonshine whisky, one bottle containing an ounce, and a glass there with the odor of moonshine whisky still upon it? You have a right to take into consideration all the facts and circumstances, and say whether you are satisfied that there was a sale made there on the 19th by the defendant, and whether he was then engaged in selling moonshine whisky at that place.' Transcript, 144 and 145."

This assignment of error need not be noticed, because there was no exception taken to the portion of the charge quoted.

X. The tenth assignment of error is that the court erred in charging the jury as follows:

"It is of importance to the government and to the people of the United States that the National Prohibition Law be enforced for the purpose for which it was enacted, and also that a failure to enforce it may not lead to the violation of other laws; but you must remember all the time that the defendant is entitled to have his liberty carefully guarded, and ought not to be found guilty unless you are satisfied beyond a reasonable doubt that he is guilty."

The language of defendant's counsel in excepting to this part of the charge was as follows:

"Also excepts to the remarks made by the court in its charge that, it is important to the government and the people of the United States that the National Prohibition Laws be enforced, without making any reference or comments on the rights of the defendant, under all of the evidence introduced in the case, so far as the question of reasonable doubt is concerned, and omitted to state to the jury, in connection with the discussion of the testi-

mony: 'Before the jury can find the defendant guilty, they must be satisfied of his guilt beyond a reasonable doubt.' "

The court, in reply to the above statement, said to the jury, as appears by the bill of exceptions:

"The court has charged the jury in that connection that the rights of the defendant should be carefully guarded—that he should not be found guilty unless the jury were satisfied of his guilt beyond a reasonable doubt. That rule obtains from beginning to end. The defendant starts in the case with a presumption of innocence, and that attends him throughout the trial, until it is met and overcome by evidence that satisfies you of his guilt beyond a reasonable doubt. Of course, the court has not attempted to go down the line through the testimony of all the witnesses. I said to you that the evidence in the case is conflicting, contradictory. You should consider the evidence of every witness, and every fact the witness has testified to, every sentence, and analyze it carefully and apply the rules the court has given you to it in reaching a conclusion in this case."

[7] XI. The eleventh assignment of error is:

"That the court erred in sentencing the plaintiff in error herein as follows: 'That he [plaintiff in error] be fined the sum of $500 on the first count, and be confined in the Washington county jail until said fine is paid or he be discharged in due course of law, and on the second count that he be confined 5 months and 25 days in the Washington county jail.' "

Although in the assignment of error the supposed language of the court is inclosed in quotation marks, the language so inclosed is not the language used by the court, but is the substance of it, and the punishment imposed was as stated. The National Prohibition Act provides as a punishment for the offense described in the first or possession count of the information a fine not exceeding $500, and for the offense described in the second or sale count imprisonment not exceeding 6 months in jail. In neither instance was the maximum punishment fixed by law exceeded.

What the punishment shall be, within the maximum, rests entirely in the discretion of the court. It follows, from what has been said, that the defendant, on the showing made, is not entitled to a writ of error and supersedeas. The prayer of the petition is denied.

It is so ordered.

In order that the defendant may be afforded an opportunity to make application to a judge of the Circuit Court of Appeals for a writ of error and supersedeas, if he be so advised, the execution of the sentence will be stayed for 10 days from and after the date of the filing of the order herein.