## GRAFFI v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
December 1, 1927.

No. 3945.

**1. Counterfeiting ⬦➔16—Allegation that defendant knowingly transferred counterfeited obligation sufficiently charges knowledge of its character (Cr. Code, § 154 [18 USCA § 268]).**

Allegation of indictment, under Criminal Code, § 154 (18 USCA § 268), that defendant knowingly transferred a counterfeited obligation, *held* sufficiently to charge that he knew the character of the obligation when he transferred it.

**2. Counterfeiting ⬦➔16—Indictment charging transfer of counterfeited obligation with intent to defraud United States held sufficient (Cr. Code, § 154 [18 USCA § 268]).**

Indictment, under Criminal Code, § 154 (18 USCA § 268), for transferring counterfeited obligation, alleging that defendant knowingly transferred counterfeited obligation with intent to defraud the United States, *held* sufficient, in that a charge of transfer with such intent included charge that defendant knew it was counterfeited.

**3. Counterfeiting ⬦➔16—Defect in form of indictment for transferring counterfeited obligation held not ground for holding indictment insufficient (18 USCA § 556).**

Defect or imperfection in matter of form only of indictment for knowingly transferring a counterfeited obligation of the United States with intent to defraud the United States *held* not ground for holding indictment insufficient, in view of Rev. St. § 1025 (18 USCA § 556).

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Sam Graffi was convicted of transferring a counterfeited $20 gold certificate of the United States, and he brings error. Affirmed.

Leslie P. Whelan, of Chicago, Ill., for plaintiff in error.

Jacob I. Grossman, of Chicago, Ill., for the United States.

Before ALSCHULER, PAGE and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiff in error pleaded guilty and was sentenced to imprisonment upon an indictment charging that he "did unlawfully, willfully, knowingly and feloniously, and with intent to defraud the United States, transfer and deliver to one John Oglesby, a certain counterfeited obligation of the United States, to wit, a twenty dollar gold certificate of the United States, which said certificate was on the face thereof of the tenor following, to wit: (Here follows a copy of the certificate) with the intent

22 F.(2d)—38

that the said twenty dollar certificate be passed, published or used as true and genuine by the said John Oglesby, contrary," etc.

The indictment was drawn under section 154 of the Criminal Code, the applicable part of which reads:

"Whoever shall * * * transfer, * * * or deliver any * * * counterfeited * * * obligation * * * of the United States, * * * with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than five thousand dollars, or imprisoned not more than ten years, or both." 18 USCA § 268.

[1] It is conceded that by pleading guilty plaintiff in error waived all objections which run to the mere form in which the various elements of the crime are stated, or to the fact that the indictment is inartistically drawn, but it is contended that he did not thereby waive the objection that some substantial element of the crime is omitted.

He complains that the indictment is bad because a scienter is not alleged; that is, he insists that there is no averment that he knew the certificate was counterfeited when he transferred and delivered it to Oglesby. In Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390, the indictment charged that the defendant "did willfully, unlawfully, and knowingly, and with intent to defraud the revenues of the United States, smuggle and clandestinely introduce into the United States" opium upon which the duty had not been paid; and one of the objections to it was that a scienter was not alleged—that it was not averred that he knew it was opium upon which the duty had not been paid. It was held that the objection was not well taken.

The court further said that the language of the indictment excluded the idea of any unintentional and ignorant bringing in of opium upon which the duty had not been paid, and that it could only be satisfied by proof that such bringing in was done intentionally, knowingly, and with intent to defraud the revenues of the United States.

In Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606, and in Price v. United States, 165 U. S. 311, 17 S. Ct. 366, 41 L. Ed. 727, the Supreme Court held that a charge that defendant "unlawfully, willfully, and knowingly" deposited in the mail obscene matter, was a sufficient averment that he knew the character of the matter which he mailed. In Konda v. United States (C. C. A.) 166 F. 91, 22 L. R. A. (N. S.) 304, this court had before it the charge that defendant unlawfully and knowingly deposit-

ed in the mails nonmailable matter. The statute declared:

"Any person who shall knowingly deposit * * * nonmailable matter * * * shall be guilty of a misdemeanor."

After quoting the statute the court said: "That is, in the statute the adverb 'knowingly' not merely modifies the verb, but characterizes the whole act that is stated by the predicate and the subject. Now, if the courts and the citizens of the country are bound to know, on reading the statute, that a depositing of nonmailable matter is a misdemeanor only when the depositor has knowledge of the character of the matter, we believe that the same language in an indictment is sufficient to notify a defendant that the government is charging and has undertaken to prove that he knew the character of the matter when he mailed it."

So here a charge that plaintiff in error knowingly transferred a counterfeited obligation sufficiently charges that he knew the character of the obligation when he transferred it.

[2, 3] The indictment in the case at bar not only alleges that plaintiff in error knowingly transferred the counterfeited obligation, but also that he did it "with intent to defraud the United States"—that is, with intent that a spurious obligation should pass into and impair and debase the circulating medium and eventually be redeemed by the United States as genuine. A charge that he transferred a counterfeited obligation with such intent includes the charge that he knew that it was counterfeited. The intent to defraud the United States could not exist without knowledge of the character of the instrument by which the fraud was to be accomplished. If this view be correct, the most that can be said is that the indictment is defective, in that one element of the offense is stated loosely and without technical accuracy. It is a "defect or imperfection in matter of form only," and is not ground for holding the indictment insufficient. See section 1025, R. S. (18 USCA § 556).

Affirmed.