**BELL v. UNITED STATES.**
No. 8659.

Circuit Court of Appeals, Fifth Circuit.
Dec. 30, 1938.

Norman A. Dodge, of Fort Worth, Tex., and Preston Martin, of Weatherford, Tex., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex.

Before SIBLEY and HUTCHESON, Circuit Judges, and DEAVER, District Judge.

DEAVER, District Judge.

Appellant was charged in three counts with passing counterfeit bank notes.

The first count alleges that defendant passed a counterfeit twenty-dollar Federal Reserve note to E. F. Magee unlawfully, knowingly, wilfully and feloniously, with intent to defraud the United States and any person to whom the note might be passed, and decribes the note by serial number and by setting out a copy of the note.

The second count is the same as the first except that it names Bill Riley Wheat as the person to whom the note was passed, gives a different serial number, and describes the note, except as to serial number, by reference to the description in the first count.

The third count is the same as the first except that it names J. A. Thompson as the person to whom the note was passed, gives the serial number, and describes the note by reference to the description in the first count, the serial number being the same as that in the first count.

It is clear from the record that the pleader intended to charge the passing of three different notes, each to a different person, the notes being identical, except as to serial number, and that, instead of placing in the first count the serial number intended, he by mistake wrote into that count the serial number which appears in the third count.

On the trial E. F. Magee, to whom it was alleged in the first count one of the notes was passed, took the stand as a witness and identified a note like those described except that it contained a serial number which did not appear anywhere in the indictment. He also testified that he received the note from the defendant on May 17, 1936, about 9 or 9:30 at night, in payment for 10 gallons of gasoline, giving the defendant approximately $18 in change, and at the same time took defendant's license tag number and wrote that number and the date on the wall near the cash register; that the car was a 1936 Plymouth coach which was bent in the back and which did not have the regular gas cap but a little old black fifteen cent gasoline cap, and which had a rear license number bolted on over another number; that he saw the defendant two days later in Vernon, Texas, and saw the same car in front of the court house in Vernon.

The note identified by the witness was offered in evidence. Defendant objected on the ground that the note was not the one described in the indictment and moved to strike out all the testimony of the witness. The court excluded the note and withdrew the evidence given by the witness.

Bill Wheat, the person to whom the note described in the second count was alleged to have been passed, identified the defendant and the car he was driving and testified that on the night of May 17th, between 8:30 and 9 o'clock, he sold to defendant 7 gallons of gasoline, received in payment the note described in the second count, and gave defendant $18.67 in change.

The note was offered in evidence. Defendant objected on the ground that the note was not set out in the second count and on the further ground that said count was insufficient to charge any offense, in that it failed to allege that defendant knew the note was counterfeit. The objection was overruled.

J. A. Thompson testified that on the night of May 17, 1936, between 10 and 11 o'clock, he sold to defendant 6 gallons of gasoline and received in payment the note described in the third count and gave defendant $19.16 in change.

The note was admitted in evidence. Defendant made the same objections as those made to the admission of the note offered in support of Count Two.

E. F. Magee, whose first testimony was withdrawn from the jury, was recalled and repeated his testimony as to selling gasoline to the defendant, receiving a twenty dollar note, taking the license number of the car and writing it on the wall. The note described by Magee was again tendered in evidence. The court, without waiting for objection, refused to admit the note. Then, counsel for defendant stated: "The record will show that we have got our objections renewed here at this time, with the same ruling and exceptions as before." The court made no reply. The number taken down by Magee was shown

476

by other testimony in the case to be the number of defendant's car.

The notes described in counts two and three and the note identified by E. F. Magee were shown to be counterfeit and to be identical except as to serial number, and to have been made from the same plate.

Defendant denied passing the bills, testified he was not present and produced a number of alibi witnesses.

After defendant's evidence was in, the Government again offered in evidence the note identified by the witness Magee. The objections previously made to it were repeated. The court admitted the note, stating to the jury that the note was not admitted in support of count one but was admitted as bearing on the passage of the other notes and on the question of alibi.

A motion for a directed verdict was made, which was granted as to count one and denied as to the other two counts.

Counsel for the Government in his closing argument stated to the jury the following: "Gentlemen of the Jury, there is one piece of evidence in this case that neither you, nor the defendant, nor the defendant's alibi witness, can ever get around. The witness Magee testified that when he sold the gasoline and took one of these twenty-dollar counterfeit bills, that the witness took down the license number of the automobile that he put the gasoline into. You cannot convict the defendant on this testimony as count one is out but it is admissible as to the defendant's alibi denying that he was in town at about the time the other 2 $20.00 bills were passed."

Defendant objected to the argument on the ground that there was no evidence that Magee took down the license number, that evidence having been excluded.

The court then stated: "Gentlemen of the Jury, I instruct you that this argument may be considered by you in corroboration of the offenses charged in Counts Two and Three of the Indictment, and that the same is appropriate as to those Counts, and when I give you my general charge I am going to instruct you to acquit the defendant on Count One of the indictment, and, therefore, you cannot convict the defendant on that Count relative to which the evidence now being argued and objected to was excluded."

Whereupon, defendant's counsel renewed his objection to the argument.

The jury returned a verdict of guilty on the Second and Third Counts and not guilty on the first count.

A motion in arrest of judgment was made on the ground that each of the counts on which defendant was convicted was fatally defective in that it failed to allege that the defendant knew the note therein described was false, forged or counterfeited. The motion was overruled.

The sentence was ten years. Defendant appealed.

In the assignments of error Appellant complains that the court erred:

1. In permitting the District Attorney in his argument to state that the witness Magee had identified the defendant as the person who passed a counterfeit note upon him and had taken down the license number of the car.

2. In not directing a verdict of not guilty on the second and third counts.

3. In permitting the witness Magee to testify as to the transaction set out in Count One.

4. In admitting testimony that defendant had been accused of other crimes, to-wit, having in his possession many months before other counterfeit bills and giving them to his wife, who passed them, and stealing an automobile.

5. In denying the motion in arrest of judgment.

6. In imposing an excessive sentence.

Most of the assignments of error were abandoned in the brief. The only specifications of error relied upon in the brief are that the court erred:

(a) In not directing a verdict, there being no proof of guilty knowledge and fraudulent intent in passing the notes.

(b) In admitting in evidence the note in support of Count Three, because that count describes the note by reference and exception.

(c) In subjecting defendant to double jeopardy by conviction on Count Three after acquittal on Count One.

(d) In imposing sentence on Count Three for the reason that Count One and Count Three described the same note and, therefore, Count Three was "adjudicated and barred by the judgment of not guilty on Count One".

(e) In imposing an excessive sentence.

Specifications (b), (c) and (d) above are not contained in the assignments of

error but appellant requests that (c) and (d) be noticed as plain error appearing on the face of the record.

■ 1. The motion for directed verdict was not good. The government's evidence was that the three counterfeit notes were made on the same plate and were identical except as to serial number; that defendant passed the three notes to three different people in the same town on the same night, buying a few gallons of gas from each and receiving change. There is nothing in the evidence tending to show that his conduct could have been innocent. His defense was alibi. There were other corroborating circumstances in the evidence unnecessary to recite here. The evidence stated presented a question for the jury as to guilty knowledge and fraudulent intent.

■ 2. The court committed no error in admitting the note in support of Count 3. That count does describe the note by reference to the description in Count 1. However, one count may refer to matter in a previous count, even though previous count be defective or is rejected. Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097; Barnard v. United States, 9 Cir., 16 F.2d 451; Doe v. United States, 8 Cir., 253 F. 903. Such reference is matter of form only and is cured by Sec. 1025, R.S. (18 U.S.C.A. § 556). United States v. Jolly, D.C., 37 F. 108 (4). Moreover, the sufficiency of an indictment cannot be tested by an objection to evidence. McKnight v. United States, 8 Cir., 252 F. 687; Estes v. United States, 8 Cir., 227 F. 818; Banta et al. v. United States, 9 Cir., 12 F.2d 765; Stubbs v. United States, 9 Cir., 1 F.2d 837; Ramirez v. United States, 9 Cir., 23 F.2d 788; Boone v. United States, 8 Cir., 257 F. 963, 965.

■ 3. There is no merit in the contentions relating to double jeopardy and res adjudicata. The first and third counts do charge the passing of the same note but to different persons. It would have been possible for defendant to pass the same note to different persons and thereby commit two separate crimes and failure of the proof as to one would not be an adjudication as to the other, and trial for one after acquittal on the other would not constitute double jeopardy. The record shows that the pleader did not intend in this case to charge two offenses in passing the same note but intended to insert in the first count a different serial number. Through mistake of the pleader, defendant had the

benefit of acquittal on the first count, but that fact does not affect the legal principle involved.

■ 4. A sentence within the limits of the statute is in the discretion of the trial judge and can not be changed by the appellate court. Newman v. United States, 4 Cir., 299 F. 128 (7); Maresca et al. v. United States, 2 Cir., 277 F. 727 (1); Lonergan v. United States, 8 Cir., 287 F. 538; United States v. Siden, D.C., 293 F. 422 (7).

Even if the other assignments of error had not been abandoned in the brief, they are not meritorious.

■ 5. The argument of the United States Attorney complained of was not improper. There was evidence that the note passed to the witness Magee was identical with the other two, except as to serial number and was made from the same plate; that it was passed on the same night the others were passed and was passed in the purchase of gasoline as were the others. Although the passing of that note was not charged in the indictment, the court properly permitted the witness to testify that defendant passed it and that witness took down the license number of the car which, according to other evidence, belonged to defendant. Early in the trial the court did exclude the testimony of that witness and the note testified about. Later, substantially the same testimony was given by the witness and the note offered again in evidence. The court excluded the note but not the testimony. Still later, the court admitted the note. The statement of the court made clear that the testimony and the note were admitted and the purpose for which they were admitted. That testimony was admissible as bearing on both guilty knowledge and alibi. The evidence being in, it was not improper for counsel to base an argument on it.

■ 6. As to admitting evidence of other crimes, it may be said that no evidence is pointed out to support the assignment relating to automobile theft. A Government witness did testify to a statement made by the defendant to the effect that at one time he came into possession of some counterfeit bills in a gambling game without knowing they were counterfeit and gave them to his wife, who innocently passed them. That testimony was not objected to and the defendant as a witness gave substantially the same testimony.

7. The motion in arrest of judgment was not good. Each count, on which conviction was had, alleged that defendant passed a described counterfeit note to a named person, "unlawfully, knowingly, wilfully and feloniously, with intent to defraud the United States of America and any other person to whom the same might be passed." That language is sufficient, after verdict, to charge knowledge that the note was counterfeit. Graffi v. United States, 7 Cir., 22 F.2d 593; United States v. Chase, C.C., 27 F. 807; United States v. Clark, C.C., 37 F. 106; Blake v. United States, 1 Cir., 71 F. 286 (6); United States v. Nathan, D.C., 61 F. 936; Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606; Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727; Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; 35 C.J. p. 918; 31 C.J. p. 696.

The record presents no reversible error and the judgment is, therefore, affirmed.