Kenneth Charles SIBLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21669.

United States Court of Appeals
Fifth Circuit.

April 15, 1965.

Rehearing Denied May 11, 1965.

Patrick J. Butler, New Orleans, La., for appellant.

E. V. Boagni, Asst. U. S. Atty., Shreveport, La., Edward L. Shaheen, U. S. Atty., for appellee.

Before JONES and BROWN, Circuit Judges, and SHEEHY, District Judge.

JONES, Circuit Judge.

The appellant, Kenneth Charles Sibley, was charged in a four count indictment with violation of the Fraud by Wire statute.[1] It was alleged in the indictment that Sibley had made an agreement with Tommy Scott, doing business as Tommy Scott's TV Bandstand Stage show, under which Sibley would book engagements for Scott and his group of performers for consideration. It is stated that Sibley falsely represented to Scott that he had made bookings and thereby induced Scott to pay him $180.00. Each of the four counts was based upon a separate communication by wire. The Count One communication was a telegram from Sibley in Louisiana to Scott in Georgia advising that bookings had been made at Marshall and Waskom, Texas. Count Two was based upon a telegraphic transfer from Scott in Delaware to Sibley in Louisiana of $60 as an advance upon the commission for the Marshall and Waskom bookings. Count Three set up a telegram from Sibley in Louisiana to Scott in New Jersey stating that the show had been booked in Monroe and Alexandria, Louisiana. The Count Four communication was a transfer by wire of $120 from Scott in New Jersey to Sibley in Louisiana.

At his trial the appellant was represented by court appointed counsel. He was convicted on all four counts, and was sentenced to imprisonment for five years on the first count and four and a half years on the second count, to run

1. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writing, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both. 18 U.S.C.A. § 1343.

consecutively. On the third and fourth counts probation was given. Other court appointed counsel represented Sibley on this appeal.

The first of the questions presented for our consideration goes to the sufficiency or validity of the indictment. It is contended that the indictment does not charge four offenses but rather one crime in four counts, or at best, two crimes in four counts. This question was not raised in the district court but we think it can be raised before and considered by us. It has been held many times under the mail fraud statute, 18 U.S.C.A. § 1341, that each separate use of the mails constitutes a separate offense. See Milam v. United States, 5th Cir. 1963, 222 F.2d 104, cert. den., Kimball v. United States, 377 U.S. 911, 84 S.Ct. 1174, 12 L.Ed.2d 181, and the authorities there cited. The same principle of construction should apply and has been applied to the wire fraud statute. United States v. Freeling, D.C.S.D.N.Y.1962, 31 F.R.D. 540. The objection to the indictment is not well taken.

As a part of its case, the Government was required to prove the genuineness of the appellant's signature on the material documents which bore his name. Two documents were produced and identified by two police officers of Joplin, Missouri, who testified that the appellant had signed them. One of these documents was a waiver of extradition and the other a finger print card bearing notations of convictions. All of the written or printed matter on both documents was masked before being received in evidence. Apparently, at least one of the documents was in the hands of Government counsel during the testimony of one of the Joplin police officers. As one of these officers left the stand and the other succeeded him, the appellant's attorney made an objection to "any more brandishing of this next document in the court room." There is nothing to show that the jury could have seen, at that time, any of the writing, printing or fingerprinting on these documents. It was proper for them to be identified and the incidental handling of the papers during the examination was necessary and proper. No action to the prejudice of the appellant is made to appear.

As a final contention, the appellant urges that his sentences, aggregating nine and a half years, constituted cruel and unusual punishment. On being asked if he wished to make any statement before he was sentenced, the appellant responded that he was "aware of his long criminal record." In imposing sentence the district judge commented that he was giving consideration to "the long criminal record going back to 1941." The court may, of course, consider the criminal record of a prisoner before him for sentencing. Parker v. United States, 4th Cir. 1957, 248 F.2d 803. Nothing is here shown that requires or permits a departure from the rule that a sentence within the limits of the statute is within the discretion of the trial court and cannot be changed by the appellate court. Bell v. United States, 5th Cir. 1938, 100 F.2d 474.

The sentence and judgment of the district court are

Affirmed.