1) Nelson **RIVERA–TORRES** 2) Maria Luisa Alejandro–Ortiz 3) Carmen Maria Aponte–Lopez 4) Wilson Aponte–Rosario 5) Victor Ayala 6) Alice I. Badillo–Bravo 7) Javier Bonilla–Cintron 8) Marcelino Burgos–Pabon 9) Carlos Colon–Burgos 10) Maria M. Coriano 11) Nilda Zenaida Cosme 12) Aracelis Cotto–Gonzalez 13) Ruysdael Davila–Rodriguez 14) Ana Diaz–Lopez 15) Maria I. Figueroa–Ramirez 16) Myrna Firpi–Solis 17) Marial. Garcia–Morales 18) Vivian I. Gonzalez–Ingles 19) Milagros Del C. Gonzalez–Santana 20) Evelyn Irizarry–Camacho 21) Nelson Lamboy–Cruz 22) Jorge N. Lamboy–Torres 23) Asbelti Llorens–Maldonado 24) Carmen Lopez–Negron 25) Luis Lozada–Cruz 26) Luis Matias–Soto 27) Hector Mendez–Caban 28) Haydee Montañez–Rodriguez 29) Nigmy Mustafa–Rico 30) Aida Nazario–Montalvo 31) Angel Negron 32) Regina Negron–Zayas 33) Jose Ortiz–Idrach 34) Milagros Perez–Vazquez 35) Sara Piñero–Marquez 36) Jose M. Pomales–Ojeda 37) Rigoberto Rivera–Luna 38) Orlando Rivera–Mangual 39) Nelson Rivera–Torres 40) Minerva Rodriguez–Lopez 41) Agnes Rodriguez–Pagan 42) Ines Rosado 43) Marta Rosado–Romero 44) Maria Ruiz–Aponte 45) Maria Antonia Ruiz–Aponte 46) Julia Santiago–Aponte 47) Irma Nydia Santos–Agosto 48) Charon D. Serrano–Torres 49) Myriam Suarez–Linares 50) Marta Toro–Olivencia 51) Ana Maria Torres–Martinez 52) Maria Del Rosario Torres–Baez 53) Hilda Torres–Crespo 54) Sandra Lee Yiaski–Garcia 55) Mario Torres–Rosa 56) Marilyn Torres–Torres 57) Lillian Urdanavia–Mendez 58) Marilu Vazquez–Martinez 59) Manuel Velez–Collazo 60) Nelly Velez–Velez 61) Lourdes Villanueva–Vargas 62) Wilnelia Buffit–Torres Plaintiffs

v.

Cesar **REY–HERNANDEZ**, in his personal capacity and as Secretary, Puerto Rico's Department of Education Jose Aldanondo–Rivera, in his personal capacity and in his official capacity as Director Program for the Education of Adults Santos Melendez in his personal capacity and in his official capacity as General Supervisor Program for the Education of Adults, Central Office John Doe Regional Director of Caguas in his personal capacity John Roe another Regional Director in his personal capacity and employees, officers or agents of the Department of Education of Puerto Rico or of any other Governmental

Puerto Rican position related, depriving, promoting or participating to deprive plaintiffs of their constitutionally protected rights, and persons A to Z until now unknown their names Defendants

No. CIV. 03–1689CCC.

United States District Court, D. Puerto Rico.

Aug. 17, 2004.

Francisco R. González, for Plaintiffs.

José Enrico Valenzuela–Alvarado Frederic Chardón–Dubos, for Defendants.

## ORDER

CEREZO, District Judge.

This is a civil rights action founded on alleged acts of political discrimination brought by 62 former employees of the adult education program of the Department of Education of Puerto Rico, who claim to have been putative members of a class action filed in Civil No. 01–2335(HL) which the Court failed to certify. Named as defendants were the Secretary of Education César Rey–Hernández (Rey), the director of the adult education program José Aldanondo–Rivera (Aldanondo), the general supervisor of the adult education program Santos Meléndez (Meléndez), and other officers of the program sued as unknown defendants. In essence, plaintiffs claim that they were employed in the adult education program as school directors, teachers and support personnel but that their one-year contracts were not renewed because defendants identified them with the previous administration of the New Progressive Party (NPP). Before the Court now is the Motion to Dismiss filed by defendants Rey, Aldanondo and Meléndez on February 10, 2004 (docket entry 24), and plaintiffs' opposition filed on February 29, 2004 (docket entry 26).

In their dismissal motion, defendants allege that the complaint is time barred, that plaintiffs lack a claim under the Due Process Clause, that plaintiffs failed to plead defendants' personal involvement in the discriminatory acts alleged, and that all defendants are entitled to qualified immunity. Plaintiffs, in their opposition, have refuted all the arguments offered by defendants in support of dismissal.

We consider first whether plaintiffs' complaint is time barred, as alleged by defendants. In this regard, defendants aver that as the discriminatory acts. alleged in the complaint the failure to renew plaintiffs' contracts because of political motives, allegedly took place on May 10, 2001, and the complaint was not filed until June 23, 2003, the same is barred by the one-year statute of limitations applicable to 42 U.S.C. § 1983 actions filed in this District. While defendants acknowledge that the pendency of class certification ordinarily tolls the statute of limitations, they contend that the class action previously filed on behalf of the plaintiffs was so devoid of merit that it should not serve them to extend the applicable limitations period.

At the outset, we note that defendants' starting point for the running of the statute of limitations appears to be erroneous. Although they propose that plaintiffs already knew by May 10, 2001, when their previous one-year contracts expired, that they would not be awarded new contracts to participate in the Adult Education Program for the following school year, the allegations of the complaint never establish when they actually found out that their contracts would not be renewed but do suggest that by July 18, 2001 that decision had not been taken. *See* Complaint, at ¶¶ 23–24. Thus, the statute of limitations commenced to run sometime after July 18, 2001. In turn, a petition for the certification of a class was filed on June 28, 2002 in Civil Action 01–2335(HL) on behalf of a class defined as including "School Directors and the support staff (teachers, social workers, secretaries and other workers), [who] each had a contract for services to work for the Adult Education Program who were either terminated or not renewed in violation of their federally-protected rights and the thousands of adult students that are not receiving educational quality educational services throughout the educational system because [of] defendants' illegal and discriminatory actions..."[1] That class was denied certification on February 11, 2003.[2] Defendants

---

1. *See* docket entry 34 in Civil No. 01–2335(HL).

2. *See* docket entry 49 in Civil No. 01–2335(HL). Judge Laffitte denied certification

are not here disputing that all the plaintiffs were members of the proposed class in Civil Action 01–2335(HL).

The Supreme Court has expressed that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of a class who would have been parties had the suit been permitted to continue as a class action. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983). The statute of limitations remains tolled until class certification is denied, *id.*, at pp. 2397–98, notwithstanding the reasons for the denial.[3]

Thus, it appears that the statute of limitations of this action had not expired by June 28, 2002, when the petition to certify a class was filed in Civil Action 01–2335(HL), and commenced to run again on February 11, 2003, when class certification was denied by Judge Laffitte. This action was filed on June 23, 2003. Consequently, to the extent that the allegations of the complaint suggest that the statute of limitations commenced to run at some point after July 18, 2001, this action is timely filed.

Defendants next aver that plaintiffs have failed to state a claim under the Due Process Clause since they were only contracted for a period of one year and, hence, had no property interest in the extension or renewal of their contracts. Plaintiffs merely argue in response that their claims under the First Amendment would not be defeated by the fact that they were only contracted for a term of one year. Both parties are correct in their assertions. While the lack of a property interest in an employment position generally precludes due process claims for a politically discriminatory dismissal, First Amendment discrimination claims are not similarly precluded. *Gómez v. Rivera–Rodríguez*, 344 F.2d 103, 111, n. 5 (1st Cir.2003); *Acevedo–Diaz v. Aponte*, 1 F.3d 62, 65, n. 1 (1st Cir.1993). Still, plaintiffs have failed to demonstrate that they had "a reasonable expectation, arising out of a statute, policy, rule, or contract, that [they] w[ould] continue to be employed". *Wojcik v. Massachusetts State Lottery Commission*, 300 F.3d 92, 101 (1st Cir.2002). They only had a contract for one year, and served the full term of that contract. Clearly, they lacked a property interest in their positions beyond the term of that contract. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (professor with one year term of appointment has no property interest in renewal of his appointment and no right to notice or hearing concerning the reasons for nonrenewal). As a result, their claims under the Due Process Clause must be DISMISSED.

Defendants next argue that plaintiffs have failed to plead sufficient facts to establish their personal involvement in the unconstitutional actions which they claim to have suffered. In support of their argument, defendants mostly rely in a line of cases from the Court of Appeals which had established a heightened pleading standard for § 1983 actions. As plaintiffs correctly point out, however, that standard is no longer in effect. *See Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61 (2004). In civil rights actions, "a

---

of the class because it was "too broad and ill-defined" and "the petition fail[ed] to indicate what specific federal claims these ... public service employees and thousands of students could have against the Defendants." *Id.*, at p. 2.

**3.** In *Crown*, the District Court had denied class certification after finding "that the named plaintiffs' claims were not typical of those of the class, that the named plaintiffs would not be adequate representatives, and that the class was not so numerous as to make joinder impracticable." *Id.*, at p. 2394.

court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.*, at p. 66 (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

■ Plaintiffs' complaint, while it may not serve as a model pleading, states enough facts to survive dismissal. Plaintiffs allege that their contracts were not renewed because of political motives, and claim that said discriminatory policy was established during 2001 by defendant Rey and implemented by defendants Aldanondo and Meléndez. Of course, "summary judgment remains a viable option ... [if] plaintiff[s]' aspirations exceed the proof that [they] can muster." *Id.*, at p. 67.

Finally, defendants aver that they are entitled to qualified immunity. Still, their argument in support is a bit confusing since they seem to imply that as the complaint fails to state a cause of action for the due process claim they must be granted qualified immunity on the First Amendment claim. Because we have not been persuaded that they are entitled to qualified immunity on plaintiffs' First Amendment claims at this stage of the proceedings, their request for immunity is DENIED.

In sum, defendants' motion to dismiss (docket entry 24) is GRANTED as to the request for dismissal of plaintiffs' claims under the Due Process Clause. Partial judgment shall be entered accordingly. It is DENIED in all other respects.

SO ORDERED.

## PARTIAL JUDGMENT

Pursuant to the Order issued on this same date, plaintiffs' claims under the Due Process Clause are hereby DISMISSED, with prejudice.

SO ORDERED AND ADJUDGED.