## PRICE *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF CALIFORNIA.

No. 625. Submitted January 19, 1897. — Decided February 15, 1897.

The indictment in this case is sufficient because it does, in fact, contain a charge that the book was obscene to the knowledge of the defendant who knowingly and wilfully, with such knowledge, deposited it in the mail, and thus violated Rev. Stat. § 3893. *Rosen* v. *United States*, 161 U. S. 29, followed.

*Andrews* v. *United States*, 162 U. S. 420, followed to the point that, on the trial of a person indicted for a violation of the provisions of Rev. Stat. § 3893, touching the mailing of obscene, lewd or lascivious books, etc., it is competent for a detective officer of the Post Office Department, as a witness, to testify that correspondence was carried on with the accused by him through the mails for the sole purpose of obtaining evidence from him upon which to base the accusation.

THE case is stated in the opinion.

*Mr. Warren E. Price* in person for plaintiff in error.

*Mr. Assistant Attorney General Dickinson* for defendants in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The plaintiff was indicted under section 3893 of the Revised Statutes, for depositing in the mails of the United States obscene, lewd and lascivious matter. After trial, he was convicted and sentenced to eighteen months' imprisonment in the California state prison, and to pay a fine of $500. Upon writ of error sued out from this court the record is now before us for review.

The indictment contained five counts, the first, second and fourth of which charged the defendant with giving information as to where obscene matter might be obtained, and the third and fifth charged him with depositing such matter in the mails. A motion was made before trial to quash all the counts of the indictment, and it was granted as to the

first, second and fourth, and denied as to the third and fifth counts. The defendant then demurred to the indictment on the ground that it did not charge that the matter was non-mailable, nor did it charge that it was obscene or lewd or lascivious or of an indecent character. The demurrer was overruled and the parties went to trial. After his conviction of the offence stated in the third and fifth counts the defendant moved in arrest of judgment on the ground, among other things, that it was nowhere in either of these counts alleged that the book or pamphlets, or either of them, was in fact obscene, lewd or lascivious, or of an indecent character, and that they were non-mailable matter. The motion was overruled and the defendant sentenced as above stated.

There are but two grounds upon which the sufficiency of the indictment is attacked; the first being that there is no direct allegation in either count that the defendant knew that the book that he deposited in the mail was obscene or lewd or lascivious, the only charge being, as is claimed, that he knowingly deposited a book, the contents of which were, as a matter of fact, lewd and lascivious, the point being the alleged absence of any charge that he knowingly deposited a book which in fact was obscene, lascivious and lewd, and which he knew was of that character.

The further ground is taken that there is in truth no allegation that the matter was obscene or lewd or lascivious, but the indictment contains nothing more than a mere expression of the opinion of the pleader that it was so obscene as to be unfit for repetition in the indictment.

We think there is no force in either contention. The plain meaning of the indictment is that the defendant deposited in the mails a book which he knew to be obscene, and that in truth it was obscene, and so much so as to render it improper and offensive to place the same upon the public record of the court. The indictment is substantially like the one which we held to be sufficient in *Rosen's case*, 161 U. S. 29. The indictment in that case, as it is set forth in the report, states that the accused, on the 24th day of April, 1893, within the Southern District of New York, "did unlawfully, wilfully and know-

ingly deposit and cause to be deposited in the post office of the city of New York, for mailing and delivery by the post office establishment of the United States, a certain obscene, lewd and lascivious paper; which said paper then and there, on the first page thereof, was entitled 'Tenderloin Number, Broadway,' and on the same page were printed the words and figures following — that is to say : 'Volume 11, number 27; trade-mark, 1892 ; by Lew Rosen; New York, Saturday, April 15, 1893; ten cents a copy, $4.00 a year in advance'; and thereupon, on the same page, is a picture of a cab, horse, driver and the figure of a female, together (underneath the said picture) with the word 'Tenderloineuse,' and the said paper consists of twelve pages, minute descriptions of which, with the pictures therein and thereon, would be offensive to the court and improper to spread upon the records of the court, because of their obscene, lewd and indecent matters; and the said paper on the said twenty-fourth day of April, in the year one thousand eight hundred and ninety-three, was enclosed in a wrapper and addressed as follows — that is to say : 'Mr. Geo. Edwards, P. O. box 510, Summit, N. J.' — against the peace of the United States and their dignity, and contrary to the statute of the United States in such case made and provided."

In that case we held that the general charge that defendant unlawfully, wilfully and knowingly deposited and caused to be deposited in the post office . . . a certain obscene, lewd and lascivious paper, as therein described, might not unreasonably be construed as meaning that the defendant was, and must have been, aware of the nature of its contents at the time he caused it to be put into the post office for transmission and delivery. Mr. Justice Harlan, in delivering the opinion of the court in that case, said : " Of course he did not understand the Government as claiming that the mere depositing in the post office of an obscene, lewd and lascivious paper was an offence under the statute, if the person so depositing it had neither knowledge nor notice, at the time, of its character or contents. He must have understood from the words of the indictment that the Government imputed to him

knowledge or notice of the contents of the paper so deposited. In their ordinary acceptation, the ·words 'unlawfully, wilfully and knowingly,' when applied to an act or thing done, import knowledge of the act or thing so done, as well as an evil intent ōr bad purpose in doing such thing ; and when used in an indictment in connection with the charge of having deposited in the mails an obscene, lewd and lascivious paper, contrary to the statute in such case made and provided, could not have been construed as applying to the mere depositing in the mail of a paper the contents of which at the time were wholly unknown to the person depositing ·it. The case is, therefore, not one of total omission from the indictment of an essential averment, but, at most, one of the inaccurate or imperfect ·statement of a fact ; and such statement, after verdict, may be taken in the broadest sense authorized by the words used, even if it be adverse to the accused."

A distinction is attempted to be taken between the *Rosen case* and the one at bar for the reason, as is stated, that the indictment in the former case contained a direct charge that the defendant did deposit in the post office a certain obscene, lewd and lascivious paper, whereas in this case no such charge is made, but only that the defendant knowingly deposited, etc., a printed book ·and pamphlet " the character of which is so obscene, lewd and lascivious that said book would be offensive if set forth in full in this indictment." In other words, it is said that when an indictment contains a charge that a book " is so obscene, lewd and lascivious " that it would be offensive to set it forth in full in the indictment, it is not thereby charged that the book was in fact obscene; lewd or lascivious. It takes stronger eyes than we possess to discover any real and material difference in the meaning of the two expressions. The plain English of an allegation that a book is só obscene and indecent as to be offensive if set forth in full in an indictment and placed upon ·the records of the court, is that the book is obscene in fact and to the ˙degree described. No one denies that there are degrees of obscenity, any more than that two and· two make four, but when a book ·is stated to be so obscene that it would be offensive if set forth in full in an

indictment, such allegation imports a sufficient degree of obscenity to render the production non-mailable and obscene under the statute.

This indictment is sufficient, because it does, in fact, contain a charge that the book was obscene, to the knowledge of the defendant, who knowingly and wilfully, with such knowledge, deposited it in the mail and thus violated the statute. No one, on reading the third and fifth counts of the indictment, could come to any other conclusion in regard to their meaning, and when this is the case an indictment is good enough.

There is no danger of the defendant in such case being deprived of any of his just rights by holding the indictment to be good. If there were any defect at all in such an indictment it should, as was stated in the *Rosen case*, be regarded after verdict as one of form under section 1025 of the Revised Statutes, providing that the proceedings on an indictment found by a grand jury in any District, Circuit or other court of the United States, shall not be affected " by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

One further ground for a reversal is made by counsel for plaintiff in error. It appears from the bill of exceptions that the Government inspector who instigated the prosecution in this case had been informed that the statute was being violated, and for the purpose of discovering the fact whether or not the plaintiff in error was engaged in such violation, the inspector wrote several communications of the nature of decoy letters, which are set forth in the record, asking the plaintiff in error to send him through the mail certain books of the character covered by the statute, which the plaintiff in error did, as is alleged by the prosecution and as has been found by the verdict of the jury. This has been held to constitute no valid ground of objection. *Rosen's case, supra,* 161 U. S. at page 42; *Andrews* v. *United States,* 162 U. S. 420.

There is no error in the record, and the judgment of the court below must be

*Affirmed.*