Price, J.
It is our opinion that the court of common pleas erred in sustaining the motion to quash the indictment, and some reasons will be given in support of that opinion.
Nothing is now claimed for the second ground of the motion, and the same is abandoned.
The accused is not charged with libel as defined in Section 6828, Revised Statutes, which is a crime against the person, but he is charged with violating Section 7027, Revised Statutes, which is part of Chapter 9, entitled: “Offenses against chastity and morality.” The part of the section here pertinent reads: “Every person who, within the state of Ohio, sells, or lends, or gives away, or in any manner exhibits, or offers to sell, or to lend, or to give away, or in any manner to exhibit, or otherwise publishes or offers to publish in any manner, or has in his possession for any such purpose, any obscene, lewd or lascivious book, pamphlet, paper, writing, advertisement, circular, print, picture, photograph, drawing or other representation, figure or image, or of paper or other material or any cast, instrument or other article of an indecent or immoral nature, or * * * shall, on conviction, be imprisoned,” etc.
*239 While the title is not controlling in the construction of a statute, it sometimes throws light on the legislative purpose, and we find that the original section upon which the several subsequent amendments have been based, and the several amendments themselves, bear titles similar to that heading the present statute, to-wit: “Penalty for disposing of, exhibiting, advertising, manufacturing, etc., obscene literature, drugs intended for criminal purposes, etc.” See 91 O. L., 330. It is sought by this enactment to protect the public from the baneful effects and influence of obscene, lewd and lascivious books, pamphlets and other written or printed matter. These publications are made criminal in the same section which prohibits the advertisement of drugs, etc., intended for criminal purposes, and the entire section aims to prevent the contamination of our youth and the demoralization of the public mind. It forbids one to have in his possession such poisonous literature, advertisements, etc., for the purpose of selling, lending or giving away the same. It is Well enough and it is good practice, that an indictment under this statute should with reasonable certainty apprise the accused of what he is called upon to meet — such degree of certainty as will afford him protection in the exercise of his legal rights in making a defense, and also to furnish a record of conviction or acquittal, that could be interposed if indicted the second time for the same offense. But we doubt whether the strict rules of pleading- at common law in cases of criminal libel, should be enforced in a prosecution under this statute. As to some of the different offenses defined therein, the application of such rules might *240 defeat the purpose of the Legislature, or otherwise render it impracticable.'
However this may be (and we do not decide it), if we look to this indictment, it is seen that all reasonable rules have been complied with, unless nothing short of an exact copy of the scurrilous pamphlet must be set out therein. The defendant is charged with having “in his possession two hundred and twenty-one copies of a certain article of an indecent and immoral nature, to-wit, a certain printed pamphlet of an indecent and immoral nature, entitled: 'Circular Number One — A Biographical Sketch of a Few Short Skate Politicians/ for the purpose of giving away, exhibiting and publishing the said pamphlet, which said pamphlet is so indecent and immoral in its nature that the same would be offensive to the court arid improper to be placed upon the records thereof, wherefore the jurors aforesaid do not set forth the same in the indictment.” The accused, according to the indictment, was in possession not only of one copy of the pamphlet, which might be by accident or inadvertence, but was in possession of over two hundred, and that, too, for the purpose of selling, giving away, exhibiting, etc. The title is bold, and it announces that it is only circular number one, indicating that other numbers will follow. It is alleged that the pamphlet — not a part of it — -is so indecent and immoral in its nature, that the same would be offensive to the court and improper to be placed on the records. If such allegation is true, we know that a copy of the offensive contents in the indictment would find a permanent place on the records of the court, a mode of publication greatly *241 to be desired by the disseminators of such scandalous literature.
It was said by Parker, C. J., in Commonwealth v. Holmes, 17 Mass., 337, “It can never be required that an obscene book and picture should be displayed upon the records of the court, which must be done, if the description in these counts is insufficient. This would be to require that the public itself should give permanency and notoriety to indecency in order to punish it.” The indictment in that case charged the accused with publishing a lewd and obscene print contained in a certain book entitled: “Memoirs of a woman of pleasure.” The indictment did not contain a copy of the alleged indecent and lewd matter, but alleged that the same would be offensive to the court and improper to appear upon the records of the same. It would seem that that allegation has been literally followed in the present indictment. The above case was cited with approval in Commonwealth v. Tarbox, 1 Cushing, 66-72. The court there states the general rule in that state to be that “in indictments for offenses of this description (printing and publishing obscene matter), it is not always necessary that the contents of the publication should be inserted; but whenever it is necessary to do so, or whenever the indictment undertakes to state the contents, whether necessary or not, the same rule prevails as in the case of a libel; that is to say, the alleged obscene publication must be set out in the very words of which it is composed, and the indictment must undertake or profess to do so by the use of appropriate language. The excepted cases occur whenever a publication of this character is so obscene as *242 to render it improper that it should appear on record, and then the statement of the contents maybe omitted altogether, and a description thereof substituted; but in this case, a reason for the omission must appear in the indictment.” The doctrine of these cases is approved in People v. Girardin et al., 1 Mich., 90, and by many text-writers. See Bishop’s New Criminal Procedure, Volume I, Sections 496-7.
The same author in Section 790, Volume II, says that “it is the doctrine of the American courts that a libel too obscene to appear with decency on the record may be described in a more general way, and then an averment of the too great obscenity of its words will be accepted instead of their tenor.” In Criminal Law and Procedure by Plughes, Section 2182, it is said: “It is-necessary to set out the obscene publication in the indictment, unless it is in the-hands of the defendant or out of the power of the prosecution, or the matter is too gross and obscene to be spread on the records of the court, either of which facts, if existing, should be averred, in the indictment.”
To the same effect is Section, 1064 of McLain on Criminal Law. See also Price v. United States, 165 U. S., 311, where the same questions are discussed and decided.
While the English courts generally have held to a more stringent rule of criminal pleading in such cases, we think the American courts maintain the better and more reasonable practice.
The indictment before us complies with all the requirements of the foregoing and many other authorities. The accused is charged with being *243 in possession of the obscene pamphlets for the purpose of selling and giving away, in order that their contents might be sown upon the public. He had given the document what he regarded as a distinct and appropriate title, and he is supposed to know the contents of what he had in his possession. The indictment says the pamphlet is so obscene and immoral in its nature that to copy it in the indictment would be offensive to the court and improper to appear on the records, of the same. Surely the state alleged enough to apprise him of what he had to meet at the trial, even if we apply the common law rules of pleading in criminal libel. To gratify his claim against this indictment would aid him in disseminating the evil contents of his own work. But courts will never allow their records to be polluted by obscene and indecent matter. To do this, would be to require a court of justice to perpetuate and give notoriety to an indecent publication.
But it is said that, without a copy of the objectionable matter in the indictment, the defendant might, on a second indictment for the same offense, be embarrassed or defeated in his plea of former conviction or acquittal. . We see no ground for such fearful anticipation. According to the indictment, th'e accused has prepared certain earmarks of his pamphlet. It has a certain name and number. The title is somewhat spectacular, and if there is any shortcoming in these, on pleading to a second indictment for the same offense, if such an event should unfortunately ever occur, he can give proper parol evidence to support the identity of the charge. See Bainbridge v. State,. 30 Ohio St., 264, where it is held: “On plea of. *244 former conviction or acquittal, the defendant must prove the identity of the two offenses. He may show this by parol evidence.” That entire case supports our proposition.
We are unanimous in sustaining the exceptions.

Exceptions sustained.

Shauck, C. J., Crew, Summers, Spear and Davis, JJ., concur.