## STAYTON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1914. Rehearing Denied May 18, 1914.)

### No. 2571.

POST. OFFICE (§ 48*) — OFFENSES — INDICTMENT FOR DEPOSITING UNMAILABLE LETTER—KNOWLEDGE.

An indictment which charged that defendant knowingly deposited in the post office a letter, giving information as to where an abortion could be performed sufficiently charged that defendant knew of the contents of the letter.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Nahona Stayton was convicted of unlawfully using the mails, and she brings error. Affirmed.

Mike E. Smith and Theodore Mack, both of Ft. Worth, Tex., for plaintiff in error.

James C. Wilson and William H. Atwell, U. S. Attys., of Dallas, Tex.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. The plaintiff in error was convicted under article 211 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]) under an indictment charging that she did—

"unlawfully, feloniously, and knowingly deposit and cause to be deposited in the United States post office at Ft. Worth, Texas, for mailing and delivery, a certain letter giving information as to where an act producing abortion could be had, done, and performed."

The only error assigned in this court is that the court overruled a preliminary motion to quash the indictment:

"Because the said indictment nowhere directly or indirectly charges that this defendant had any knowledge of the contents of the letter complained of at the time she is alleged to have deposited the said letter in the post office at Ft. Worth, Tex., for the purpose of mailing. A knowledge of the contents of the letter at the time of the mailing is a necessary ingredient of the offense, and must be alleged and proven by the government before a conviction can be had under article 211 of the Penal Code of the United States."

Our examination shows no error in the ruling. United States v. Purvis (D. C.) 195 Fed. 618, and authorities there cited; Price v. United States, 165 U. S. 311, 312, 17 Sup. Ct. 366, 41 L. Ed. 727.

The judgment of the District Court is affirmed.