## ROSSO v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. September 30, 1924.)

No. 3135.

1. **Customs duties ⊜134 — Evidence held to sustain conviction for receiving cocaine knowing it to have been imported contrary to law.**

Evidence *held* to sustain the conviction of defendant for knowingly receiving cocaine imported contrary to law, in violation of Tariff Act 1922, § 593b (Comp. St. Ann. Supp. 1923, § 5841h13).

2. **Customs duties ⊜122—Possession of cocaine in sealed foreign packages, unexplained, held to warrant inference that defendant knew it to have been imported contrary to law.**

Possession by defendant of cocaine in the original sealed bottles, marked "manufactured in Germany," unless explained to the satisfaction of the jury, *held* sufficient to authorize his conviction under Tariff Act 1922, § 593b (Comp. St. Ann. Supp. 1923, § 5841h13), for having received it knowing it to have been imported contrary to law.

3. **Criminal law ⊜37—Entrapment held not shown by introduction of participants.**

Defense of entrapment *held* not sustained because customs officers, knowing that one had cocaine which he had fraudulently brought into the country, introduced him to defendant as a purchaser.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Mauro Rosso. Judgment of conviction, and defendant brings error. Affirmed.

George E. Cutley, of Jersey City, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J.

Before WOOLLEY and DAVIS, Circuit Judges, and SCHOONMAKER, District Judge.

DAVIS, Circuit Judge. The plaintiff in error, hereinafter called defendant, was indicted with three others, and was acquitted on the first three counts, but was convicted and sentenced on the fourth count, of the indictment for having received and concealed approximately 900 grains of cocaine, which had been fraudulently brought into the United States on the steamship Orduna. The issue involved here is whether or not the evidence was sufficient to sustain the judgment. If it was not, the learned trial judge erred in not directing a verdict as requested, without submitting the case to the jury.

The testimony disclosed the following facts: Joseph Dedek was cook on the Orduna, which arrived at Pier No. 42, North River, New York, on April 13, 1923. He

brought over on her a quantity of cocaine. He met Arthur J. Kenney, a customs guard, and, thinking he was a bootlegger, told him that he had a "kilo of cocaine," nine bottles, and asked him to buy it. Kenney replied that he was not interested, and Dedek suggested that he probably could find somebody who would buy it, saying that the Orduna left the following day, and he would not have time before she left to see prospective buyers, but, if Kenney would bring them around when she returned on the next trip, he would give him $50 for his "trouble." The Orduna returned May 14, 1923, and Kenney brought John McAdams and Walter C. Semsey, customs guards, to Dedek, and presented them to him as persons interested in buying the cocaine. Dedek, Ernest Massaglia, another cook on the Orduna, together with Kenney, Semsey, and McAdams, followed by other government officers, went to 714 John street, West Hoboken, N. J., where the cocaine had in the meantime been taken, and there met the defendant in a garage, where some time was consumed in examining the cocaine. He took an active part in the examination, and seemed to be the one on whom the other defendants relied for a safe sale. While negotiations for the purchase and price of the cocaine were going on, Rosso and the other defendants were arrested by George M. Barron and William Mangan, government officers, who were associated with Kenney, Semsey, and McAdams. It is evident that Mauro Rosso, the defendant, was acting in concert with Massaglia, Dedek, and Ernest Rosso in receiving and concealing the cocaine.

The testimony, if believed, to the above facts is sufficient, in our opinion, to justify the conclusion that Dedek imported the cocaine contrary to law on the steamship Orduna, and that Mauro Rosso was acting in concert with the other defendants in receiving and concealing it. Credibility of the witnesses and the weight of the evidence were for the jury, whose verdict shows that it believed the testimony. Possession in the original sealed bottles, marked "manufactured in Germany," unless explained to the satisfaction of the jury, was sufficient to authorize conviction on the ground that the cocaine had been imported contrary to law. Section 593b of the Tariff Act of September 21, 1922 (Comp. St. Ann. Supp. 1923, § 5841h13); Ng Choy Fong v. United States, 245 F. 305, 157 C. C. A. 497; Charley Toy v. United States (C. C. A.) 266 F. 326.

[3] The customs officers did not induce and persuade the defendant to commit the crime in order to entrap him. The facts of this case do not show entrapment, as charged by defendant. Price v. United States, 165 U. S. 311, 17 S. Ct. 366, 41 L. Ed. 727; Zucker v. United States (C. C. A.) 288 F. 12.

We find no error and the judgment is affirmed.