**UNITED STATES v. GINSBURG.**
No. 6473.

Circuit Court of Appeals, Seventh Circuit.
April 27, 1938.

Rehearing Denied June 13, 1938.

---

4 United States v. Rigali, supra.

Samuel Golan, I. Harvey Levinson, Michael Gesas, and Albert Sabath, all of Chicago, Ill., for appellant.

Michael L. Igoe and Mary D. Bailey, both of Chicago, Ill., for the United States.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant was charged by Grand Jury indictment with violation of the Federal Narcotic Acts. The indictment was in ten counts. The first five counts respectively charged appellant with having sold to James McGovern, at different times, in September and October, 1937, separate amounts of certain narcotics, in violation of section 2 of the Harrison Anti-Narcotic Act, 26 U.S.C.A. § 1044(a). The fifth count charged the sale of 10 grains of heroin hydrochloride on October 6, 1937. The remaining five counts charged that appellant fraudulently and knowingly received, concealed, bought, sold and facilitated the transportation and concealment, after importation of, the identical narcotics respectively mentioned in the first five counts, on the respective dates therein mentioned, in violation of section 2 of the Narcotic Drugs Import and Export Act, as amended, 21 U.S.C.A. § 174. The jury found appellant guilty as charged in counts five and ten, and found him not guilty as charged in the other counts. Motions for a new trial and in arrest of judgment were overruled. Judgment of guilty was rendered in conformity with the verdict, and he was sentenced to prison for three years and fined $2,000 on each of the two counts upon which he was found guilty, with a concurrent running of the penalty both as to fine and imprisonment.

It is contended by appellant that the court erred in not granting his motion to withdraw a juror and declare a mistrial for the misconduct of the District Attorney in propounding certain questions to witnesses, which questions he claims were of a prejudicial nature.

The charge was supported by the testimony of Government narcotic agents and James McGovern, an informer who was and had been a drug addict for fifteen or twenty years last past. McGovern testified that he met appellant through a man named Wolfe, whereupon the following testimony was elicited by the District Attorney, together with appellant's objections, and the court's rulings thereon:

"Q. What was Wolfe's business, if you know?

"A. Well he is such a man as myself; he don't amount to much and probably was trying to make something of himself.

"Mr. Golan: I object to that, and move that it be stricken out, your Honor.

"Q. Was he an addict?

"A. Yes.

"The Court: Let it stand.

"Q. Did he introduce you to Dr. Ginsburg?

"A. Yes, he did.

"Q. Had Mr. Wolfe been in jail with you; is that how you met him?

"Mr. Golan: That is objected to, and I move that it be stricken out.

"The Court: Strike it out.

"Mr. Golan: At this time, your Honor, I move to withdraw a juror, and that the case be dismissed for prejudice.

"The Court: Motion denied.

"Mr. Golan: Exception."

There was no error with respect to these rulings. No reason was given for the first objection and motion. Conceding without admitting that the question sought to elicit immaterial matter, no objection was made to the question. Both the objection and motion follow the answer, and must be considered as having been addressed to it. We think the answer was responsive to the question, and it was properly allowed to stand, because there was no objection to the question. Conceding without admitting that the rulings were erroneous, the error was not prejudicial, and was not sufficient to warrant the court in declaring a mistrial.

The second objection was directed to the question and was promptly sustained before answer. The exception was taken to the court's refusal to dismiss the case for prejudice. In this there was no error.

During the cross-examination of appellant by the District Attorney, the following occurred:

"Q. This is the first time that you have ever been charged with narcotic violation, Doctor?

"Mr. Golan: That is objected to, your Honor.

"The Court: Sustained."

In the absence of the jury, Mr. Golan states: "If the Court please, the last question propounded by the District Attorney, as to whether this defendant had ever been

charged with a narcotic violation, is a palpable attempt to prejudice this defendant in the eyes of the jury, by the asking of a question that has no place in this record, and can only be intended to carry with it the implication that this is not the first time that the Doctor has been charged with narcotic violation. Your Honor sustained the question—sustained the objection to that question.

"The Court: Don't make a mistake. I sustained the objection to the question.

"Mr. Golan: I say, your Honor has sustained my objection to the question. I don't think that is sufficient to cure the almost certain impression that must of necessity go to the jury * * * and I now move that in view of the prejudice that has been created by or through the asking of this question, that a juror be withdrawn and a mistrial declared.

"The Court: No. I don't think so. * * * I have sustained the objection to it. That is all there is to it. Is there anything else you want to say before we bring in the jury?

"Mr. Golan: I would like to have your Honor instruct the jury to pay no attention whatsoever to the last question, and that it is not to be considered by them for any purpose whatsoever.

"The Court: I will do that."

In the presence of the jury the Court said: "Gentlemen of the jury, I wish to instruct you that you shall completely disregard the last question which was propounded to the witness before you left the court room. You are to consider this case as though that question had never been asked." There is no merit in appellant's contentions with respect to this part of appellant's cross-examination. The Court complied with appellant's requests in every particular except declaring a mistrial. There was no basis for such a request.

■ During appellant's cross-examination the District Attorney interrogated him with respect to his receipt of an official commission while engaged in the United States Naval Service. The only question objected to was as follows:

"Q. You did not receive it, did you Doctor?

"Mr. Golan: That is objected to.

"The Court: Sustained."

There being no reason given for the objection, and the ruling being in his favor, there is nothing upon which to predicate error.

■ Appellant further contends that the Court erred in limiting the cross-examination of the Government's witness McGovern. In response to a question by appellant's counsel, McGovern stated: "The last time I had a shot of dope was about a quarter of one in this building.

"Mr. Golan: Where did you get the dope?

"The Court: I don't think you need to make him incriminate himself. You don't need to go any further into that."

The Court further permitted him to answer the following question: "Did you get it from a narcotic agent?" A. "I did not." This was an inquiry into a collateral matter, and was only proper as affecting his credibility. His admission was beneficial to appellant in this respect, and it could not have been more beneficial for this purpose had he been permitted to state where he procured it. Aside from this, the Court has a large discretion in limiting cross-examination, and we think it was not abused in this instance. Of course, the Court could not claim for the witness his right to protection from incriminating questions. That was personal to him, and he alone could claim it, but the ruling was correct, regardless of the reason assigned.

■ Appellant further contends that the evidence established that he was entrapped by the instigation of the Government's narcotic agents and its paid informer, hence he insists that the judgment is contrary to law. The following is a substantial statement of the evidence upon which this contention is based, as set forth in appellant's assignment of error: The District Attorney introduced evidence to show that McGovern informed the narcotic agents that he would be able to purchase narcotics from appellant, and they in turn furnished him with the money with which he went to appellant's office and asked him to sell him dope which appellant did; all of which acts of the informer were under the direction and at the instigation of the narcotic agents who had agreed to see to it that the informer would be compensated by the Government. These facts do not constitute entrapment. See Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727; Andrews v. United States, 162 U.S.

420, 16 S.Ct. 798, 40 L.Ed. 1023; Grimm v. United States, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550; Fisk v. United States, 6 Cir., 279 F. 12; Newman v. United States, 4 Cir., 299 F. 128; Cline v. United States, 9 Cir., 9 F.2d 621; Cain v. United States, 8 Cir., 19 F. 2d 472; Swallum v. United States, 8 Cir., 39 F.2d 390. It is also to be noted that appellant made no defense of entrapment in the District Court, tendered no instructions on that question, and made no objections that none were given upon that subject. His sole defense was that he did not sell the drug, and at no time had it in his possession, or aided in concealing it. Under these circumstances the contention is not tenable.

■■■ Appellant urges that the Court erred in not instructing the jury that they must receive and consider the informer's testimony with caution. He neither tendered nor requested an instruction on this subject, although the opportunity to do so was offered him, and he preserved no exception to the giving of instructions on that ground, or any ground.

■■■ We have examined all other assignments of error, and we think they do not merit discussion. Whether the evidence was sufficient to establish guilt beyond a reasonable doubt, or whether it was equally consistent with innocence or guilt, were matters for the jury. There was substantial evidence to support the verdict and we can not disturb the finding. The verdict and judgment were not contrary to the law or evidence. Overruling appellant's motion for a new trial presents no question. There was no error in denying appellant's motion in arrest of judgment, or in imposing the sentence, and none was urged.

■■■ While the jury were deliberating upon their verdict they sent to Judge Barnes, who tried the case, a request for further information, which was in the form of three questions. They were read in open court in the presence of appellant and his counsel and also the District Attorney. Both counsel agreed that Judge Barnes should answer the questions in the manner set forth in the margin.[1] No objection was made, or exception saved, and Judge Barnes, in writing, directed the jury to return the memorandum with their verdict, which was done.

Other counsel are now appearing for appellant, and are urging error. There was no error, and no basis for raising an objection.

Judgment affirmed.

---

[1] "1. Can we see the 12th floor hallway of the Republic Bldg. and the reception room of Dr. Ginsberg's office. We believe it is important to determine whether the Government Agents had on each occasion a complete view of McGovern while he sat on the bench in the reception room.

"2. If we can not see the reception room, may we have a transcript of the testimony bearing upon the distance that the agents stood from the doorway to the reception room while he or they watched McGovern on the bench.

"3. What kind of furniture was in the reception room and particularly what kind of bench McGovern sat on.

"Ans. You will have to depend on your recollections."