## WEATHERS v. UNITED STATES.

### No. 9541.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1941.

P. Donald DeHoff and William J. DeHoff, both of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., W. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., and Hayford O. Enwall, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Alvah H. Weathers was convicted on count one of an indictment which charged that he had in violation of 18 U.S.C.A. § 334 sent information through the mails as to where, how, and from whom an abortion could be procured.

It is contended that the court erred in denying the defendant's motion to quash the indictment. Count one sets out the letters which were mailed by Weathers, and charges that these letters were designed and intended to give information as to where and from whom an abortion could be procured. Although the indictment is not drawn as artfully as it should have been we hold that it is sufficient and that it charges an offense in violation of the statute. "It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable

the accused to know the nature and cause of the accusation and to plead the judgment, if one be rendered, in bar of further prosecution for the same offense." United States v. Behrman, 258 U.S. 280, 288, 42 S.Ct. 303, 66 L.Ed. 619; Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727; Grimm v. United States, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550; Cf. Bours v. United States, 7 Cir., 229 F. 960.

██ It is further argued that a post office inspector solicited and caused the defendant to commit the alleged crime; that under the facts of the case the action of the inspector constituted an entrapment fatal to the prosecution; and that, therefore, the court erred in refusing to direct a verdict for the defendant. The post office inspector testified that he had written decoy letters after he had received information that Weathers was violating the postal laws. The fact that the information upon which the indictment is predicated was mailed by Weathers in answer to the letters of the inspector did not entitle the defendant to a directed verdict of not guilty. Decoy letters may be used to catch persons engaged in violating the statute. Upon the evidence produced at the trial the issue of entrapment was properly submitted to the jury. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; Grimm v. United States, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550; United States v. Becker, 2 Cir., 62 F.2d 1007; Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727.

We find no reversible error in the admission or exclusion of evidence.

Mrs. Alvah H. Weathers, the divorced wife of the defendant, was called as a witness by the government. She was shown a letter by the prosecuting attorney and asked if she had delivered the letter to Mr. Jones, the inspector. She denied that she had delivered the letter to him, and that she had told the government attorney outside the door that if he put her on the stand she would deny it. Counsel for the defendant objected to this line of questioning on the ground that the government was trying to impeach its own witness. The objection was overruled. The attorney for the government then requested the court to warn the witness that the evidence was being taken down. The witness again denied that she had given the

letter to Jones, and she further testified that she did not know if the letter was in Dr. Weathers' handwriting. The government contended that Mrs. Weathers had delivered the letter to Jones and the court asked Jones to stand up and identify himself for the witness. Mrs. Weathers was then asked by the court, "Do you want to make any alteration in your testimony or not?" She declined to change her testimony. The court had the letter marked for future identification and instructed the jury, "I do not want you gentlemen of the jury to take any notice of the identification in this case at all, this marking on the side. That is another story. You are not concerned with it in any way."

██ In the course of the prosecuting attorney's argument to the jury he said: "You gentlemen heard Mrs. Weathers testify. You heard that woman get on the witness stand here and deliberately perjure herself—" Counsel for the defendant here interrupted the prosecuting attorney and objected to this argument. The objection was overruled. Thereupon the prosecuting attorney continued his argument to the jury by saying: "Well, the jury can judge that for themselves I think. It was plain to be seen that the defendant, or defendant's counsel or somebody, had gotten to this woman between the time she delivered that paper to us and the time she was called to testify."

The court did not reprimand the attorney for this line of argument or direct the jury to disregard it. Moreover, he did not comment upon it in his charge. The full force of this argument was left with the jury. It carried the imputation and inference that the defendant and his counsel had been guilty of reprehensible conduct by influencing the witness, Mrs. Weathers, to give false testimony. Furthermore, the jury might have concluded from this argument that counsel for the defendant had been guilty of conduct so reprehensible as to make the argument for the defendant unworthy of consideration and belief. We are of opinion that it was calculated to, and did, prejudice the rights of the defendant before the jury. It was the duty of the trial court to have promptly excluded this improper argument and directed the jury not to consider it. Failing in this the court committed prejudicial error. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Ward v. United States, 5 Cir., 96 F.2d 189; Allen v. United

States, 9 Cir., 115 F. 3; Cf. Maryland Casualty Company v. Reid, 5 Cir., 76 F.2d 30.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.