**UNITED STATES v. KAISER.**

**No. 8305.**

Circuit Court of Appeals, Seventh Circuit.

Oct 28, 1943.

Writ of Certiorari Denied Jan. 3, 1944.

See 64 S.Ct. 431.

Raymond F. Hayes and J. Glenn Shehee, both of Chicago, Ill., for appellant.

J. Albert Woll and Mary D. Bailey, both of Chicago, Ill., for the United States.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

Defendant, after trial by jury, was found guilty of violating the Harrison Narcotic Act, 26 U.S.C.A. Int.Rev.Code, § 2554(a). Upon such finding, the court entered judgment from whence comes this appeal. The indictment contains two counts, in each of which the defendant is charged with selling morphine sulphate to George Hollenbeck. The first sale is charged to have been made June 30, 1942 and the second August 10, 1942.

Four witnesses testified for the government, Hollenbeck and three narcotic agents. Hollenbeck testified that he made the purchases from the defendant as charged, and was strongly corroborated by the testimony of the agents, who had furnished him with the money to make such purchases and with whom he was cooperating.

The sole issue presented on this appeal is that of entrapment. We are confronted with what may well be termed an extraordinary situation in that no such defense was interposed in the court below. The defense there relied upon was that of alibi. The defendant specifically denied making the sales as charged or that he at any time had transactions of any character with Hollenbeck. He definitely fixed his whereabouts at a place where it would have been impossible for him to have made the sales as testified to by Hollenbeck. Two witnesses testified on behalf of defendant and corroborated his defense of alibi.

At the conclusion of the government's proof, as well as at the conclusion of all the proof, defendant's counsel moved "the court to instruct the jury to return a verdict of not guilty." No question having been raised as to entrapment, the court's charge to the jury made no reference thereto, although the court at the conclusion of its charge specifically inquired, "Are there any other matters that I ought to instruct upon?" The response from defendant's counsel to such inquiry was, "I

220

think that is fair." So far as the record discloses, the defense of entrapment was mentioned for the first time in the notice of appeal, which stated as one of its grounds, "The evidence affirmatively shows that the defendant was entrapped, etc."

It is a well settled rule that an appellate court will review only questions brought to the attention of the trial court and upon which the trial court has made a ruling. Ayers v. United States, 8 Cir., 58 F.2d 607 (and cases therein cited). The defendant makes the ingenious argument that notwithstanding no claim of entrapment was made during the trial, it was raised by his motion for directed verdict and passed upon by the court in its denial of such motion. In our judgment, this contention is wholly without merit; in fact, it is doubtful if defendant's general motion was sufficient to raise any question, even the sufficiency of the evidence. A motion in identical language was held insufficient in Ayers v. United States, supra, 58 F.2d at page 608, wherein the court quoted with approval from Mansfield Hardwood Lumber Co. v. Horton, 8 Cir., 32 F. 2d 851, as follows: " * * * that such motion, request, or other equivalent action must be based upon a specific ground or grounds stated in apt words and brought sharply to the attention of the court; that a ruling must be obtained and an exception preserved. A general motion stating no grounds is not sufficient."

To countenance the contention made in this court would license a defendant to play hide and seek with the courts. It would permit him, after suffering an adverse decision on one defense in the lower court, to invoke another in the appellate court. The situation is further aggravated in the instant appeal from the fact that the defense sought to be invoked is inconsistent with that relied upon below. The defense of entrapment is a concession that the crime has been committed, but the law invokes an estoppel against the government because of the conduct of its officers. Sorrells v. United States, 287 U.S. 435, 445, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249. It is difficult to conceive of a competent attorney arguing to a court and jury that the defendant did not make the alleged sales, but, if so, he was entrapped. It is little wonder that counsel here had nothing to do with the case below and that

counsel there had nothing to do with it here.

This court, in United States v. Ginsburg, 7 Cir., 96 F.2d 882, considered a similar situation, and while it perhaps was not the decisive point in the case, used language pertinent to the instant situation. On page 886 of 96 F.2d, the court said: "It is also to be noted that appellant made no defense of entrapment in the District Court, tendered no instructions on that question, and made no objections that none were given upon that subject. His sole defense was that he did not sell the drug, and at no time had it in his possession, or aided in concealing it. Under these circumstances the contention is not tenable."

Even without precedent, however, we would have no hesitancy in holding that the procedure sought to be invoked in the instant case should not be tolerated. To do so would seriously impair the orderly administration of justice. For a reviewing court to sustain a defense that was not relied upon or called to the attention of the trial court would be unfair both to that court and to the government. It is essential that the court be advised of the contentions of the respective parties and make disposition thereof as justice requires. Likewise, it is essential that the government be advised of the issues before the court so as to present its case and make its proof conformable to such issues. Evidence immaterial and inadmissible on the defense of alibi may become relevant and admissible where the defense is entrapment. In Sorrells v. United States, supra, 287 U.S. on page 451, 53 S.Ct. on page 216, 77 L.Ed. 413, 86 A.L.R. 249, the court, in referring to the defense of entrapment, said: "The government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense."

Holding as we do that on this record the defense of entrapment cannot be raised, the judgment of the court below is affirmed.