### HALE v. UNITED STATES.

No. 11202.

Circuit Court of Appeals, Fifth Circuit.

May 11, 1945.

Rehearing Denied June 7, 1945.

402

Thomas P. Fitzgerald, of Shreveport, La., and J. S. Pickett, of Many, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and Jared Y. Fontenot, Asst. U.S. Atty., both of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

J. W. Hale was convicted on a count charging that "On or about the 2nd day of June, 1944, in the Parish of Sabine, State of Louisiana, in the Western District of Louisiana, the said defendant J. W. Hale * * * did knowingly, wilfully, feloniously and unlawfully carry on the business of a retail liquor dealer and did wilfully fail to pay the special tax as required by law, in violation of Section 3253 of the Internal Revenue Code", 26 U.S.C.A. Int.Rev. Code, § 3253, and on another count in identical words except that the date named was August 8, 1944. On the latter count he was sentenced to imprisonment, and on the former sentence was suspended and probation ordered to begin after the expiration of the imprisonment. On this appeal three errors are argued. 1. That the indictment should have been quashed for insufficiency. 2. That evidence of a liquor sale on July 8 was not proper under the count alleging August 8 as the date of the crime. 3. That a verdict of acquittal ought to have been directed for lack of evidence, and because the evidence showed entrapment by State officers.

█ 1. The oral motion to quash the counts was on the ground that each is uncertain and indefinite and does not set forth facts sufficient to require or enable defendant properly to answer. It is here argued that constitutional rights under the Fifth and Sixth Amendments have been denied.

The Act of Feb. 10, 1939, adopting the Internal Revenue Code, 53 Stats. 1, repealed the former laws which were therein codified. We are therefore concerned only with the language of the Code. Section 3253, referred to in the indictment says: "Any person who shall carry on the business of a * *. * retail liquor dealer, * * * and willfully fails to pay the special tax as required by law, shall, for every such offense, be fined," etc. Section 3254(c) defines a retail liquor dealer as one "who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors in less quantities than five wine-gallons to the same person at the same time." The tax is fixed in Section 3250(b). As to the time of payment, Section 3271(a) forbids the carrying on of the business till the tax has been paid "in the manner provided in this chapter". 3271(b) declares: "All special taxes shall become due on the 1st day of July in each year, or on com-

mencing any trade or business on which such tax is imposed". In the latter case, a pro rata tax from the time of commencing business to and including June 30 is owing. But Section 3272 provides that the taxpayer is to render a return and remit the tax at such time within the calendar month in which the tax liability began as shall cause receipt thereof by the last day of the month. Construing these provisions together, as we must, the crime charged consists in two things, first, carrying on the business of a retail liquor dealer, and second, wilfully failing to pay the tax incurred by the end of the calendar month in which such business began, or by the end of any July in which it is afterwards continued. This was the conclusion reached in Farmer v. United States, 10 Cir., 128 F.2d 970. The law itself thus tells the accused what the indictment means when it charges him with carrying on the business of a retail liquor dealer, to-wit, that he was selling or offering to sell liquors of the sort and in the quantities stated in Section 3254(e). It also tells him that his wilful failure to pay a tax for business carried on in June, 1944, referred to the period ending June 30; and that the failure relative to the business carried on in August, 1944, related to the tax year beginning July 1.

It at once becomes clear that the indictment does not, as is argued before us, charge Hale twice with the same offense, nor has he been twice sentenced for the same offense contrary to the Fifth Amendment. The crime completed on June 30 by a wilful failure to pay tax for business done prior to that date is not the same crime as that completed in the tax year beginning July 1 by wilful failure to pay the tax incurred in that tax year.

Nor is the provision of the Sixth Amendment, that the accused shall enjoy the right to be informed of the nature and cause of the accusation against him, violated. He is plainly informed that he is charged with the crime of carrying on business as a retail liquor dealer in a stated parish during the tax year ending June 30, 1944, and wilfully failing to pay the tax due therefor; and doing the same thing in the same parish in the tax year beginning July 1, 1944.

■ It is true that more certainty as to the place of business might be helpful, and might have been afforded on application for a bill of particulars. But the substance of the offense is certainly fully alleged. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Taran v. United States, 8 Cir., 88 F.2d 54. No special demurrer was filed pointing out this special defect, if it be a defect. The general motion to quash hardly raises this question. It was properly overruled.

■ 2. There was no material variance in proving a sale on July 8, under the count charging the doing of business on or about August 8. Generally the time alleged in an indictment is not descriptive of the offense, and need not be precisely proven. A familiar exception is the violation of Sunday laws, when the date alleged, as against a demurrer, must be a Sunday, and the date proven, to escape a variance, must of course be a Sunday. The date alleged in charging the offense now under discussion is not material, except as it may identify the tax year. The second count in naming August 8 asserted that the tax, wilful failure to pay which was charged, was a tax for the tax year beginning July 1. It was no departure or variance to prove the carrying on of the business any time in that tax year with wilful failure to pay the required tax.

■■ 3. The motion for a directed verdict was upon the general ground that the evidence was not sufficient to warrant conviction. Without stating details, the evidence authorized a belief that Hale had a negro woman retailing whisky for him at his cafe in June, 1944, and a negro man doing the like at the adjoining dance hall during July, 1944. They both so testified, and other witnesses strongly corroborated them as to two particular sales. The point now urged is that one sale in June was provoked by the State deputy sheriff, he making a purchase after he had conferred with Hale and gotten directions from him, having misrepresented his own identity. In July the sheriff had two soldiers to make a purchase at the hall. These clearly proven transactions are said to be the foundations of the conviction. The defense of entrapment was not claimed at the trial, the judge submitted no such issue to the jury, and Hale requested no charge on the subject. It cannot be raised for the first time on appeal. United States v. Ginsburg, 7 Cir., 96 F.2d 882. It rests upon the same basis of public policy as does the refusal by the federal courts to hear evidence secured by federal officers by unlawful arrests and searches. And similarly it may be that the

conduct of State officers is not covered by it. But if in a plain case an appellate court would initially notice such official misconduct, including that of State officers, no such case appears here. Whisky was notoriously being sold on these premises owned by Hale. The deputy sheriff in approaching Hale and asking to buy whisky put no pressure on him, and offered no unusual inducement. He misrepresented his identity, but that has never been held amiss when an officer is testing one supposed to be a lawbreaker. The soldiers also did nothing unusual to secure their whisky. We see no ground for claiming that the officers have seduced into crime an innocent man. Authorities are cited in Ginsburg's case, supra.

No error appearing, the judgment is affirmed.