**UNITED STATES of America, Plaintiff,**

v.

**Joseph P. SCHILLACI, doing business as Regal Art Company, Defendant.**

United States District Court S. D. New York.

Oct. 9, 1958.

Arthur H. Christy, U. S. Atty. for S. D. New York, New York City, for the United States, by John T. Moran, Jr., New York City, Asst. U. S. Atty., of counsel.

Brock, Fleishman & Rykoff, Hollywood, Cal., Edwin M. Rosendahl, Los Angeles, Cal., and Bass & Friend, New York City, for defendant, by Stanley Fleishman, Hollywood, Cal., of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant is charged in an eight count indictment with having wilfully and knowingly mailed circulars which gave information where and by what means obscene films, slides and photographs could be obtained in violation of 18 U.S. C. § 1461. The eight counts are similar differing only in the alleged dates of mailing and in the names of the addressees.[1] Defendant now moves for a dismissal of the indictment and for a bill of particulars.

In support of his motion to dismiss, defendant argues that the indictment fails to state facts sufficient to constitute a crime and does not properly inform defendant of the charges against him.

---

1. E. g. The Grand Jury charges: "On or about the 14th day of May, 1958, in the Southern District of New York, Joseph P. Schillaci, doing business as Regal Art Company, the defendant, unlawfully, wilfully and knowingly deposited and caused to be deposited for mailing and delivery certain matter, to wit, a printed letter, circular, advertisement and notice addressed to

Lyle O. Klemsen
502 W. Msple St. [Sic]
West Union, Iowa

which matter was non mailable in that it gave information where, how, from whom and by what means obscene, lewd, lascivious, indecent, filthy and vile articles, matters and things, to wit, films, slides and photographs, might be obtained."

More specifically it is urged that an indictment under the obscenity statute must set out the accused writing ipsissimis verbis or at least contain a statement that the material is too vile to be spread upon the record. The instant indictment, it is said, is fatally defective in that it does not include this information and in fact does little more than reiterate the statutory language.

It is true that the indictment is couched in the statutory language but it is well settled that an indictment so drawn will be sufficient if it sets forth all the elements of the crime and if its generality neither prejudices the defendant in the preparation of his defense nor endangers his constitutional guarantee against double jeopardy.[2] The instant indictment meets these requirements. It identifies the mailed matter by giving the name and address of the addressee, the approximate date and place of mailing and the subject with which the material was concerned, i. e., films, slides and photographs. This is sufficient specificity. See Bartell v. United States, 1913, 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583.

Harris v. United States, 5 Cir., 1957, 239 F.2d 612. The test to be applied is a practical one, United States v. Achtner, 2 Cir., 1944, 144 F.2d 49, 51, and I fail to see how the inclusion of the language of the circulars or of a statement that decency prevents further description would materially increase the safeguards afforded defendant.[3]

Furthermore, the Government has consented to provide defendant with copies of both the circulars mentioned in the indictment and of all films, slides and photographs to be introduced at the trial. This eliminates any possibility that defendant will be prejudiced by confusion as to the identity of these items.[4]

I must reject summarily defendant's contention that the indictment is defective in that it fails to state that he knew of the contents or character of the accused matter. The indictment states that the material was "wilfully and knowingly" mailed. Under this statute no further allegations of knowledge are required. Price v. United States, 1897, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727; Rosen v. United States, 1895,

2. Armour Packing Co. v. United States, 1908, 209 U.S. 56, 83–84, 28 S.Ct. 428, 52 L.Ed. 681; United States v. Achtner, 2 Cir., 1944, 144 F.2d 49, 51; United States v. Kushner, 2 Cir., 135 F.2d 668, 673, certiorari denied 1943, 320 U.S. 212, 63 S.Ct. 1449, 87 L.Ed. 1850.

3. Defendant relies upon Grimm v. United States, 1895, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550 for the proposition that the circular must be set out in the indictment. However, in that case the Supreme Court did not decide the question at issue here. Defendant has also cited several other cases containing language tending to support his contention. Some of these cases are distinguishable in that they dealt with indictments which were considerably more vague than the one in this case. E. g., United States v. Harmon, D.C.D.Kan.1888, 34 F. 872 (offending newspaper unidentified as to issue or date); United States v. Reid, D.C.W.D.Mich.1888, 73 F. 289, 291 (same); United States v. Fuller, D.C. D.Or.1896, 72 F. 771 (no hint of the subject matter of the offending letter). But see Floren v. United States, 8 Cir., 1911, 186 F. 961. In any event, I note

that most of the cases cited are district court opinions, all are from other circuits and the majority were decided more than 50 years ago. Since the adoption of the Federal Rules of Criminal Procedure, 18 U.S.C., the courts have left far behind the prolix and confusing requirements of common-law pleading which governed those cases. The Second Circuit has long been in the forefront in the application of a practical rather than a technical test in deciding motions of this type. United States v. Josephson, 2 Cir., 1947, 165 F.2d 82, 85; United States v. Achtner, supra. See also Holtzoff, Reform of Federal Criminal Procedure, 3 F.R.D. 445, 449 (1944). Therefore I am convinced that the cases cited by defendant on this point do not represent the law of this circuit.

4. Where the indictment is good on its face, as is this one, but its general language may result in surprise at the trial, the proper remedy for the defendant is a motion for a bill of particulars. See Rosen v. United States, 1896, 161 U.S. 29, 40, 16 S.Ct. 434, 40 L.Ed. 606; O'Neill v. United States, 8 Cir., 1927, 19 F.2d 322.

161 U.S. 29, 32, 16 S.Ct. 434, 40 L.Ed. 606; Magon v. United States, 9 Cir., 1918, 248 F. 201, certiorari denied 1919, 249 U.S. 618, 39 S.Ct. 391, 63 L.Ed. 804.

The defendant further argues that under the indictment, as drawn, he could be convicted even if the pictures to which the circulars allegedly refer are entirely innocent. He contends that this was the intent of the grand jury and that in any event the mere possibility of this construction being placed on the indictment renders it so ambiguous that it does not adequately inform defendant of the charges against him. U.S.Const. Amend. VI.

■ I find nothing to support this contention in the language of the indictment (which in substance is the language of the statute). The grand jury charges that the circulars were nonmailable in that they gave "information where, how, and from whom and by what means obscene * * * articles, matters and things * * * might be obtained." The clear import of those words would seem to require a showing that the matter referred to is obscene. Most of the courts which have dealt with cases arising under this part of the obscenity statute have assumed that these words were to be given their plain meaning and that the Government must prove the obscenity of the underlying material. This assumption is self-evident since if a conviction could have been had merely on proof that the circulars *purported* to tell of obscene articles, the articles themselves would have been immaterial and the careful judicial discussions concerning them would have been mere surplus verbiage. See e. g. United States v. Rebhuhn, 2 Cir., 109 F.2d 512, certiorari denied 1940, 310 U.S. 629, 60 S.Ct. 976, 84 L.Ed. 1399.

Indeed, so clear is the language of the indictment on this point, that it is doubtful that defendant would seriously have argued its ambiguity were it not for the case of United States v. Hornick, 3 Cir., 1956, 229 F.2d 120, 122. In that case the Court of Appeals for the Third Circuit held that a conviction under this statute would lie even if the underlying material were "as innocent as a  *  *  * landscape." Hornick appears to have had no predecessors and no progeny.[5] Defendant contends that Hornick is contrary to Congressional intent and unconstitutional but at the same time defendant in effect argues that all indictments under this statute must hereafter either specifically negate any intent of relying on the Hornick rationale or be fatally vague.

I cannot agree. There is nothing in the indictment (and no evidence aliunde) that the Government will not attempt to prove the obscenity of the films, slides and photographs referred to in the circulars. Thus, I need not decide the question of the vitality of Hornick at this stage of the proceedings, and that question may not have to be decided at all in this case. It would become crucial only if, on the trial, the Government failed to prove the obscenity of the underlying articles or requested a charge based on Hornick. I do not find that the mere existence of Hornick, without more, renders this indictment subject to dismissal.

■ Finally, it is argued that 18 U.S.C. § 1461 is unconstitutional on its face. It is sufficient to say that the Supreme Court has rejected this contention on numerous occasions, the most recent of which was Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. See United States v. Rebhuhn, supra, 109 F.2d at page 514.

■ I pass now to a consideration of defendant's motion for a bill of particulars, which originally contained 13 requests. Upon the argument, requests 1, 2, 8 and 10 were denied. Requests 3

5. The few courts which have placed the Hornick construction on similar language in 39 U.S.C.A. § 259a (dealing with the power of the Postmaster General to ex-clude from the mails matter which he finds to be obscene) were not construing a highly penal statute such as the one here involved.

and 4 were granted while requests 5, 6, 7 and 9 were disposed of by consent.[6] I, therefore need consider only requests 11, 12 and 13. While seeming to ask for facts, these three requests are actually attempts to inquire into the legal theory of the Government's case. This is not the proper function of a bill of particulars. Kempe v. United States, 8 Cir., 1945, 151 F.2d 680. Defendant's motion for a bill of particulars is therefore denied as to all requests not specifically granted or consented to upon the argument.

Motions to dismiss the indictment and for a bill of particulars as to requests 11, 12 and 13 are denied.

So ordered.

6. In his reply memorandum, defendant mistakenly states that decision was also reserved on request 9. During the argument on that request the parties agreed that at least two weeks before trial the Government would provide defendant with copies of all allegedly obscene slides, films and photographs which it intends to introduce into evidence.