**UNITED STATES of America,**

**v.**

**Roy FRUEHAUF, Fruehauf Trailer Co., Burge Seymour, Associated Transport, Inc., Brown Equipment and Manufacturing Co. and Dave Beck, Defendants.**

United States District Court
S. D. New York.

July 24, 1961.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Roy Fruehauf.

Simpson, Thacher & Bartlett, New York City, for defendant Burge Seymour.

Charles Seligson, New York City, for defendant Fruehauf Trailer Co.

Mortimer A. Sullivan, Buffalo, N. Y., for defendant Associated Transport, Inc.

Robert McCreedy, New York City, for defendant Brown Equipment & Manufacturing Co.; Paul Martinson, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for United States; Edward Brodsky, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

DAWSON, District Judge.

This is a motion for an order enlarging defendants' time to make this motion, and for an order directing the United States of America to file a bill of particulars. The motion to enlarge defendants' time to make this motion is granted. The motion is considered as a motion for a bill of particulars.

It appears that on June 17, 1959, an indictment of two counts was filed in this court against the defendants, based on section 302(a) of the Labor Management Relations Act of 1947 (29 U.S.C.A. § 186(a) ) which makes it unlawful for any employer to pay or deliver, or to agree to pay or deliver, any money or other "thing of value" to any representative of any of his employees who are employed in an industry affecting commerce.

The indictment charges that defendants Roy Fruehauf, Fruehauf Trailer Co., Burge Seymour, Associated Transport, Inc. and Brown Equipment and Manufacturing Co., did unlawfully, wilfully and knowingly pay and deliver and agree to pay and deliver to Dave Beck, President, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a representative of employees of defendants engaged in an industry affecting commerce, a thing of value, to wit, money, in the amount of $200,000.

The second count of the indictment alleges that defendant Dave Beck did unlawfully, wilfully and knowingly receive and accept the aforesaid sum of money.

When the case came on for trial before Judge Sugarman, he concluded from a

brief submitted by the Government that the transaction between Beck and the other defendants was a "loan" and held that as such it was not within the prohibition of the statute. An appeal was taken directly to the United States Supreme Court, pursuant to the Criminal Appeals Act, 18 U.S.C. § 3731. The United States Supreme Court reversed and remanded the case for trial. United States v. Fruehauf, 1961, 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476. It was stated, in the course of the opinion of Justice Frankfurter, that the Government might have attempted to make out violations of the Labor Management Relations Act "on any number of alternative theories." The Court enumerated five theories, 365 U.S. at page 155, 81 S.Ct. at page 553 of the opinion: (1) that the loan was a sham, a covering device intended to pass a gift or bribe of money; (2) that the acceptance by the Fruehauf-Seymour group of $200,000 plus $4,000 interest in satisfaction of Beck's obligation to repay with twice that amount of interest constituted a forbidden delivery of the unpaid interest to Beck; (3) that the loan of a large sum of money at a rate of interest significantly lower than the going commercial rate effected a delivery to Beck of the difference between the interest payable at a commercial rate and the interest agreed on; (4) that, irrespective of the interest rate, the transaction, by which Beck secured a large, unsecured loan which he could not have gotten through normal financing channels, resulted in the delivery to Beck of a "thing of value;" or (5) that all loans, as such, violate the statute.

Mr. Justice Frankfurter said:

> "The core of the difficulty in the present case is that the record does not preclude the Government from attempting to prove that the transaction in question came within the statutory ban by reason of any or all possible theories. * * *" 365 U.S. 146, at page 158, 81 S.Ct. at page 554.

The defendants now move for a bill of particulars requiring the Government to state which of the theories it is relying upon and to state, if its claim is based upon *any other contention or premise*, what such contention or premise is.

It appears abundantly clear from the moving papers that the motion for a bill of particulars is not seeking a statement of facts, but rather would require the Government to elect what theory it will pursue in claiming that the facts indicate a violation of the statute.

That such a bill of particulars is not necessary in order to prepare for trial appears from the fact that defendants appeared in court, with counsel, on February 18, 1960, ready for trial, without having made a motion for a bill of particulars. The defendants are not attempting to compel the Government to submit more factual *information*—they are seeking to compel it to select between legal theories, all of which are not necessarily inconsistent.

As Judge Kaufman said, in United States v. Schillaci, D.C.S.D.N.Y.1958, 166 F.Supp. 303:

> "* * * While seeming to ask for facts, these three requests are actually attempts to inquire into the legal theory of the Government's case. This is not the proper function of a bill of particulars. * *" 166 F.Supp. 303, at page 307.

The purpose of a bill of particulars is to secure facts, and not legal theories. Rose v. United States, 9 Cir., 1945, 149 F.2d 755, 758; Kempe v. United States, 8 Cir., 1945, 151 F.2d 680.

The facts on which the Government relies seem to be fairly well disclosed. They are referred to at length in the Supreme Court opinion by Justice Frankfurter. It will be the function of the trial court to determine whether on these facts and on any theory a violation of law was committed. There is no reason at this time why the Government *should* elect which theory it will rely upon. In fact, it might decide to proceed

on all the theories. The moving parties rely upon the opinion of Judge Foley in United States v. King, D.C.N.D.N.Y. 1955, 16 F.R.D. 124, 125, an income tax case, in which he granted a motion to the extent that the Government should furnish a bill of particulars "stating whether the theory of the prosecution be the net worth theory, or is based upon unreported income." As Judge Foley said in his opinion: "Income tax evasion cases are a special breed of their own." The factual information needed to prepare for a defense may be quite different in an unreported income case than in a net worth case. Therefore, a bill of particulars in that type case might be appropriate. It is not appropriate in the present case.

The motion for a bill of particulars is denied. So ordered.